# Peacher *v.* State.

## Larceny of Outstanding Crop.

1. *Election by prosecution; what does not amount to.*—The introduction of a witness who testified to seeing the defendant commit a larceny on three successive days, she being alone on the first two occasions, but present with her son on the last, is not of itself, in the absence of any attempt on the part of the State to particularize or identify either of the offenses, an election to proceed for a conviction on either of the larcenies committed in the son's absence.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JAMES Q. SMITH.

The appellant, Tom Peacher, was indicted for stealing " a quantity of corn, to-wit, one bushel of corn, said corn being a part of the outstanding crop of corn belonging to William D. McCurdy, against the peace," &c.

The State introduced a witness who testified that she saw defendant, on three successive days, steal corn from the outstanding crop of corn belonging to W. D. McCurdy, in Lowndes county, and before the finding of the indictment; that the first day, no one was with her, but on the third day her son was with her, and also saw the defendant steal the corn. The State then introduced the son, and asked if he "saw defendant taking corn from W. D. McCurdy's field?" The defendant objected to the question, and asked the court to confine the witness to the first day spoken of by the first witness for the State. The court overruled the objection, and defendant excepted, and the witness testified that he was with his mother, the first witness, and saw defendant taking corn from the outstanding crop of corn of W. D. McCurdy. The court told the jury that any statement by the first witness as to the two other takings before the time when defendant was seen by both the witnesses, was not in evidence, and must not be considered. Throughout the trial, all the testimony was confined to the act seen by both of the witnesses.

This was all the evidence, and the defendant asked the court to give the following written charge: "That in determining the guilt or innocence of the defendant the jury are confined to the evidence of the first criminal act of which the State introduced evidence, and unless the evidence taken with all the facts and circumstances proved as to said first act, satisfied the jury beyond a reasonable doubt of the guilt of the defendant, they must acquit him." The court refused this charge, and the defendant excepted.

JOHN ENOCHS, for appellant.—The court should have confined the State to proof of the first act shown by its first witness, and therefore should have given the charge asked.—*Mc-Pherson v. State*, 54 Ala. 221; *Crocheron v. State*, 30 Ala. 542; *Elam v. State*, 24 Ala. 48.

H. C. TOMPKINS, Attorney-General, *contra*.—The evidence nowhere shows that the State had done anything which amounted to an election to prosecute for the act first seen by the first witness. It does not appear that the State had first introduced evidence of the taking on the first day, which would make the authorities cited by the appellant's counsel applicable; if they can be made to apply to the questions involved in this case at all. On the other hand, this bill of exceptions expressly states that all the evidence as to the two first days was excluded from the jury, and throughout the trial the evidence was confined to the taking on the third day. The defendant had no right to force the State to elect to prosecute the act first committed in point of time.—35 Ala. 351; 52 Ala. 386; 42 Ala. 532; 41 Ala. 405; 39 Ala. 252.

BRICKELL, C. J.—The indictment contains a single count, charging the appellant with stealing corn, part of an outstanding crop; is in the general form prescribed by the Code, omitting any express averment of time or place, and in terms, is broad enough to allow the introduction of evidence of any larceny of corn, part of an outstanding crop, the property of the individual named as owner, committed within the bar of the statute of limitations, before the finding of the indictment. It must however be construed as charging but one larceny, and the evidence must be confined to one distinct, substantive offense. If the State should offer evidence of several distinct offenses, the court would compel the prosecuting officer to elect the one for which he would ask a conviction.—*Elam v. State*, 56 Ala. 48; *Crocheron v.*

*State*, 30 Ala. 542; *Hughes v. State*, 35 Ala. 251; *Smith v. State*, 52 Ala. 384. As a general rule, it may be stated that when the State offers evidence of an offense, or of facts and circumstances which will constitute an offense within the terms of the indictment, identifying and individualizing it before the minds of the jury, an election is made to prosecute for that offense, which can not be subsequently abandoned, and another distinct act, or other facts and circumstances proved as ground of conviction. In *Hughes v. State, supra,* it was said by this court, "it is difficult to lay down a clear rule, which will enable the circuit courts to determine in all cases, when the prosecutor has made his election of the particular act or offense for which he will proceed in a given case. Some latitude must be allowed to that officer while conducting the preliminary examination, that he may ascertain the particular act or transaction to which the witness refers. To require him to elect, before he has learned enough to enable him to individualize the transaction, would, in many cases, work a denial of justice. When however he has pursued the inquiry until a particular act or transaction has been brought before the minds of the jury,—has become identified or individualized—if he then prosecute the inquiry with the view of learning the details and particulars of the act or transaction, he must then be held to have made his election." The great purpose of the rule is to prevent prejudice to the defendant in the minds of the jury by the introduction of evidence of offenses for which he is not really indicted, to which he is not finally to answer, and building up a conviction on inferences of guilt from the fact that he had committed another offense.—*Gassenheimer v. State.* 52 Ala. 313; 1 Bish. Cr. Pr. § 462.

The State introduced a witness, who, without objection from the defendant, proved that on three successive days, she saw the defendant stealing the corn of the prosecutor. On the first two days no one was with her, but on the third day her son was, and also saw the defendant taking the corn. The son was then introduced, and against the objection of the defendant, was permitted to testify to the larceny on the third day, the court excluding all evidence of the other larcenies. A case for election was doubtless presented, and it was the duty of the court to order it, confining the evidence to one of the larcenies. A state of facts may have existed, which would have authorized the introduction of evidence of the others, to have aided in the proof of the one for which a conviction was claimed.—*Mason v. State*, 42 Ala. 532; *In-*

[Ladd v. Dubroca.]

*gram v. State*, 39 Ala. 252.　The admissibility of the evidence for that purpose, is not the question presented.　The single inquiry is, whether the State had made an election to proceed for a conviction for the offenses, or either of them, committed in the absence of the son, before the court intervened, and confined the evidence to the larceny which he saw. That question must be answered negatively.　It is not shown that the State had in any way particularized or identified either of the offenses.　The witness stated that she had on three successive days seen the defendant stealing the corn of the prosecutor, and that on one of these days, her son was with her.　No one offense was distinguished from the other, except as to the time of its occurrence, and the State was not bound to confine the evidence to the order of time in which they were committed.　There was no attempt to inquire into the particulars of either offense, until the court intervened.　The intervention was acted on by the prosecuting officer, and a conviction had only on evidence of the larceny witnessed by the son.　We find no error in the record, and the judgment is affirmed.