# McCullough *v.* The State.

*Indictment against₀ Overseer of Public Road.*

63   75
99   145

63   75
125  102
125  104

63   75
136  117

1. *Sufficiency of indictment.*—An indictment against the overseer of a public road, which alleges that he "failed to discharge his duties as such overseer," without averring any particular failure or neglect of duty by him, is made sufficient by the statute (Code, § 4810), although it would be fatally defective at common law.

2. *Evidence under such indictment; conclusiveness of judgment.*—Under such a general indictment, not specifying any particular neglect of duty, the State is not confined to evidence of ary one particular act or neglect of duty, but may give evidence as to any and every neglect within the period covered by the indictment; and the judgment will be a bar to another prosecution for any of such acts which might have been proved, though no evidence was in fact offered in reference to them.

3. *Neglect of overseer to repair public road; excuses.*—It being shown that the road was out of repair for more than ten consecutive days, and that the overseer had failed to have it worked ten days in the year by the persons subject to his control for that purpose, this makes out an indictable neglect of duty on his part (Code, §§ 1649, 4252) ; and neither the character of the soil, preventing permanent repairs, nor the fact that no one has been injured or hindered by the bad condition of the road, constitutes any excuse for the default.

From the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

The indictment in this case was found in October, 1878, and charged that the defendant, Linton McCullough, "being a duly appointed and acting overseer of a public road, running from the residence of the late Richard Olin to the line of Pike county, failed to discharge his duties as such overseer, against the peace," &c.   The defendant demurred to the indictment, "because it does not disclose the nature and cause of the accusation ;" and his demurrer being overruled, he then pleaded not guilty.

"On the trial," as the bill of exceptions states, "the State offered evidence tending to show that a bridge, about eighty feet long, on the road described in the indictment, had rotted and fallen down while defendant was overseer, and was not rebuilt by him ; and then offered evidence tending to show that the road-bed, on other parts of the said road, had been out of repair while defendant was overseer.   To this last evidence the defendant objected, on the ground that the State had already introduced evidence of a different offense.   The court overruled the objection, and stated that the State might prove the neglect on the part of the defendant to per-

form any duty imposed by law on him as overseer. The evidence was admitted, and the defendant excepted. The State introduced evidence, also, tending to show that the road was in good condition when it was turned over to the defendant, and that he permitted it, while under his management, to become in bad repair generally, to such an extent that numerous complaints were made by citizens living along said road; also, that gullies, to the depth of two or three feet, which might easily have been filled up, were suffered to remain by the defendant; also, that the road under his care might have been made better, and as good as the average country roads, if the defendant had properly discharged his duties as overseer; and that the approaches to the bridge were in bad condition, which might have been repaired. The evidence for the defendant tended to show that the road described in the indictment had been a bad road from time immemorial, owing to the unevenness of the country through which it passes, and the great tendency of the soil, when once broken up, to wash into gullies; that in many places in the road, and on both sides of it, large and deep gullies had been formed; that the road had been gradually changed, without opposition from the adjacent land-owners, as occasion required, so as to go around these gullies; that no attempt had ever been made to fill them up; that they could not be filled up, with the means at the command of the overseer; and that filling them up, with such material as the overseer had, if it could be done, would be of no benefit, as it would be washed out by the first rain. The evidence tended to show, also, that said road was six miles and a half long; that the number of hands furnished to defendant to work the same was about twenty; that the defendant was under twenty-one years of age, and was appointed to fill a vacancy, in April, or, as some of the witnesses testified, about the middle of July, the indictment being found at the succeeding October term; also, that the defendant, soon after his appointment, warned out the hands, and worked the road four days and a half; also, that no person was prevented from passing on said road while he was overseer; that it was used by the public as usual; that it was in as good condition as it had ever before been, and that no accident happened thereon while he was overseer, or s on thereafter. One witness testified, that he had hauled sixty bales of cotton to market over said road, during the fall of that year, without difficulty. It was proved, also, that said road lay in Montgomery county.

"The foregoing was all the evidence in the case; and the court thereupon charged the jury, at the request of the so-

licitor, in writing, as follows : ' Granting that the road needed repair, if the jury believe that the defendant could have amended its condition, whether by temporary patch-work or otherwise, so that the road could thereby have been made passable even temporarily, and *over* (?) a temporarily good country road, and failed to do so, then the defendant is guilty of a default in duty as a road overseer, and should be fined accordingly.' The defendant excepted to this charge, and requested the court, in writing, to charge the jury as follows : ' In the consideration of the question of the defendant's guilt, the jury may look to the condition of the road when he received it, the character of the soil, the resources lawfully within his reach, and the fact (if shown by the evidence) that no person was injured, or prevented from passing in a wagon or otherwise, during the time defendant was overseer, or soon afterwards.' The court refused this charge, and the defendant excepted to its refusal."

THOS. M. ARRINGTON, for the defendant.—1. The indictment is insufficient, and the demurrer to it ought to have been sustained. The statute imposes a multiplicity of duties on overseers of roads, for the neglect of any one of which they are indictable ; and the indictment should specify the particular default or neglect for which a conviction is sought. Less than this does not meet the constitutional requirement—does not inform him of the nature and cause of the accusation. If the legislature can dispense with every material averment of fact, where is the limit to its power in this direction ? In vagueness and indefiniteness this indictment goes far beyond any which has hitherto been sustained.—*The State v. Nowlin*, 49 Ala. 41 ; *Henry v. The State*, 33 Ala. 390 ; *Noles v. The State*, 24 Ala. 672.

2. The State should have been confined on the trial to evidence of one offense, and should not have been permitted to offer evidence of several distinct offenses.—*Elam v. The State*, 26 Ala. 48 ; *Hughes v. The State*, 35 Ala. 351.

3. The State seems to have sought a conviction under the clause of the statute in these words : " or allows his precinct, or any part of the same, to be out of repair for more than ten days at any one time, without a good excuse," &c. To " allow " implies knowledge on the part of the defendant, which is ignored by the charge of the court. It was necessary for the State to show, not only that the road was out of repair, but also that it was in that condition for ten days or more ; and this element of the offense is also ignored by the charge. Nor was the defendant bound to repair at his own expense, or with his own private means ; yet the charge ig-

[McCullough v. The State.]

nores the means and resources furnished him by law, and makes him guilty if *he* could have repaired. The failure to repair is not, of itself, sufficient to warrant a conviction : the offense consists in the failure to repair "without a good excuse ;" and though the court must determine the sufficiency of the excuse, the jury must pass on the weight and credibility of the evidence introduced to establish it. The charge asked should, therefore, have been given. .

H. C. TOMPKINS, Attorney-General, for the State.—1. The indictment pursues the words of the statute (Code, § 4810), and must be held sufficient, on the authority of numerous cases.—*Noles v. The State,* 24 Ala. 672 ; *Weed v. The State,* 55 Ala. 13 ; *Ulmer v. The State,* 61 Ala. 212 ; *Hill v. The State,* at the last term.

2. The offense charged is continuous in its nature, and embraces a series of acts. It did not present a case of election. *Peacher v. The State,* 61 Ala. 22, and authorities there cited.

3. It was clearly proved that the road was out of repair ; and the defendant could only excuse himself by showing that he had fully performed his duty in working it. This he did not attempt to show, but only sought to prove that, if he had worked it. it could not have been made and kept permanently good. The facts presented no excuse, and their sufficiency was a question for the court.

BRICKELL, C. J.—1. The indictment is certainly insufficient at common law ; and would be insufficient under the statute (Code of 1876, § 4785), which requires that the facts constituting the offense shall be stated in ordinary and concise language, if it were not authorized expressly in its present form by the subsequent section of the Code—§ 4810. *Noles v. The State,* 24 Ala. 672. There is great force in the argument of the counsel of appellant, against the constitutionality of statutes which authorize such vague and indefinite criminal accusations, not affording the accused reasonable information of the *nature and cause of the accusation against him ;* but we are not at liberty to regard the question as open for discussion and decision. For more than twenty-six years, after repeated argument and deliberation, in respect to all crimes, from the highest to the lowest in degree, indictments, founded on and sanctioned by such statutes, have been supported by this court, whenever their sufficiency was assailed ; and we must be content to abide the results. It is the province of the legislature to interfere, and not of the courts, to disturb that which has been settled so long, and after so much of argument and deliberation.

2. The indictment includes the neglect or failure of the defendant to perform any or all of the duties which are imposed upon him by law, for which he is not otherwise made answerable.—Code of 1876, § 4252. It is not limited and confined to any single omission or neglect of duty, as would be an indictment for a single act. The guilt of the accused may consist in a single omission, or a series of omissions of duty; and the judgment, whether of conviction or acquittal, will operate as a bar to any future prosecution, without regard to the omissions of which evidence may be given on the trial. It is not for a single violation or omission of duty, unless that is specifically averred, it can be intended the grand jury have found the bill; but for any and all omissions of duty, which are indictable, and of which evidence may be given. When an indictment includes but one offense, and is incapable of proof of more than one, all similar offenses being of themselves indictable, the proof must be confined to one. When the general forms of the Code, in relation to such offenses, are followed, if the State proceeds far enough in the evidence to individualize any particular act or transaction as the offense, an election is made to proceed for that act or transaction; and there can not be, against the objection of the defendant, any waiver or abandonment of it, and resort to others for the purpose of conviction.—*Elam v. The State*, 26 Ala. 48; *Hughes v. The State*, 35 Ala. 351; *Peacher v. The State*, 61 Ala. 22. The judgment, in such case, will operate as a bar only to the act of which evidence is given; and it is to that act the indictment refers, or is presumed to refer. But the present indictment is not presumed to refer to any single neglect of duty, of which the defendant may have been guilty, or which may be imputed to him, but to any and every neglect of duty which can be imputed to him during the period covered by it—the twelve months before its finding; and judgment upon it will operate a bar to any other indictment for any of such neglects, whether evidence of them be or not given on the trial. There was, consequently, no error in permitting the State to prove, or to give evidence in reference to, the failure to keep the bridge in repair, and also of the failure to work and keep in repair the road in the precinct of which the defendant was overseer. Each was included in the indictment.

3. The instructions given and refused by the court are not erroneous, in view of the evidence. It seems to have been an undisputed fact, that, for more than ten days, the road in the precinct of the defendant was in bad condition, or, in the words of the statute, *out of repair*. It had not been worked for ten days, with the hands apportioned to the defendant;

and no excuse for the failure was offered or shown. The degree of the improvement which could have been made, if the duty had been performed, may not have been very great, or very durable. It was a public duty, resting on the defendant, to have made such improvement as he could, with the force and means of which the law gave him command; and a neglect of the duty subjected him to indictment. Nor was the neglect excused, because no person or property was injured, or hindered, in passing the road; nor because, on account of the character of the soil, any repairs made would not have been permanent. The statute pronounces that proof appellant was overseer, the road public, and the defaults, is sufficient for a conviction.—Code of 1876, § 4901.

We find no error in the record, and the judgment is affirmed.