# Carl *v.* The State.

## *Indictment for Larceny of Timber.*

1. *Indictment; sufficient if following form of Code.*—An indictment charging the defendant with the larceny of timber from the lands of another, is sufficient if it is in the form prescribed by

[Carl v. State.]

the Code, (Cr. Code, p. 331, form 52), and is not subject to demurrer although it fails to aver that the timber was cut and carried off of the premises with the intent to convert it to the defendant's own use.

2. Same; overruling motion to quash on the ground that sufficient evidence was not introduced before the grand jury to authorize an indictment; not revisable on appeal.—An investigation having been made before a grand jury, which returned the indictment in a particular case, no inquiry into the sufficiency of the evidence adduced before the grand jury to authorize the preferment of the indictment can be made upon a motion to quash such indictment.

3. Confessions; error in admitting confessions before proof of corpus delicti without injury, when such subsequent proof is made.—While a defendant's confessions in a criminal case can not properly be received as evidence until some independent proof of the corpus delicti has been adduced, if such independent proof is subsequently introduced, the error in the prior admission of the confession is thereby cured.

4. Evidence; admissibility of parol evidence to identify person named as beneficiary in a will.—The identification of a person named as the beneficiary in a will by parol evidence, is not a violation of the rule requiring a production of the writing; and parol evidence is, therefore, admissible for such purpose.

5. Same; admissibility of testimony of a witness as to a certain person not being in possession of land.—While a witness, in testifying in reference to land with which he is shown not to be familiar, may not know who is in possession of such land, it is competent for him to testify to the negative fact that a certain named person is not in possession of said land, if within his knowledge.

6. Same; proof of documentary title.—In order to prove the ownership of lands by documentary title, it is necessary to prove, in connection with the deed or will introduced in evidence, that the grantor or the testator had possession of the land at the time of the execution of said instrument or at his death, or it is necessary to trace the title back to the Government.

7. Title of purchaser at sheriff's sale.—To make out a title by purchase at sheriff's sale, the purchaser must show a valid judgment and execution thereon, a levy and sale and the sheriff's deed.

8. Title under patent from State.—A patent to lands issued by the State conveys no title to said lands, unless the State is shown to have had title by either presumptive or positive evidence.

9. Larceny of timber; constituents of offense.—In order to convict

[Carl v. State.]

an accused of the larceny of timber or rails, as denounced by the statute (Code, §§ 5049, 5050), it is necessary to show that the defendant, knowingly and willfully and without the consent of the owner thereof, entered upon the lands of another and cut and carried away timber or rails therefrom, with the intent to convert the same to his own use; and the statute makes no distinction between a mere trespasser and acts done under a *bona fide* claim of right and larceny.

10. *Same; same; when case for election does not arise.*—On a trial under an indictment for the larceny of timber or rails from the lands of another, if it is shown that the defendant entered upon the land with the intention to cut and carry away timber under the circumstances denounced by the statute, and pursued such intention until the same was effected, it is immaterial that it may have required a number of days or weeks to accomplish the result, and such series of acts constitute but one offense; and a case for an election does not arise under an indictment therefor charging but one offense.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The indictment under which the appellant in this case was tried and convicted contained six counts. The first three counts in the indictment charged that the defendant feloniously took and carried away 100 pine logs; the said three counts differing from each other in the way in which the ownership to the lands from which the logs were taken is alleged. The court gave the general affirmative charge in favor of the defendant upon these three counts. The 4th, 5th and 6th counts of the indictment were as follows: 4. "The grand jury do further charge that before the finding of this indictment Joseph Carl knowingly, wilfully and without the consent of the owner entered upon the land of Catherine Bancroft and cut and carried off timber of the value of twenty-five dollars or more."

5. "And the said grand jury do further charge that before the finding of this indictment, Joseph Carl knowingly, wilfully and without the consent of the owner thereof entered upon the land of Catherine Bancroft, Josiah Bancroft, Cora Pickens, George Bancroft, Kate Bancroft, Marion Bancroft, Maggie Bancroft, Maud Bancroft and Bessie Bancroft and cut and carried off

[Carl v. State.]

timber of the value of twenty-five dollars or more."

6. "And the said grand jury do further charge that, before the finding of this indictment, Joseph Carl wilfully, knowingly and without the consent of the owner entered upon the land of Josiah Bancroft, Cora Pickens, George Bancroft, Kate Bancroft, Marion Bancroft, Nellie Bancroft, Maggie Bancroft, Maud Bancroft and Bessie Bancroft, and cut and carried off timber of the value of twenty-five dollars or more, against the peace and dignity of the State of Alabama."

The defendant made a motion to quash the indictment, because there was no legal evidence before the grand jury which found it as to the commission of the offense charged. After hearing the evidence upon this motion, the court overruled it, and to this ruling the defendant duly excepted. Thereupon, the defendant demurred to the 4th, 5th and 6th counts of the indictment upon the following grounds: 1st. Because they do not charge the defendant with any offense known to the law. 2d. Said counts do not charge that the defendant carried off the timber with the intention of converting it to his own use. This demurrer was overruled, and the defendant duly excepted.

The evidence in the case tended to show that the appellant employed a man to cut one hundred pine trees which were growing on certain unenclosed wild lands claimed by the persons named as the owners thereof in the indictment. That before this man entered the lands to cut, and before he commenced cutting the trees thereon, the appellant blazed the trees and informed the man which trees he wanted cut. That the trees were cut by this man, but that they were not all cut on the same day, but that some were cut on one day and some on other days, extending through a period of about two or three weeks, and that the cutting commenced about the 1st of August, 1898. That in cutting the trees the man would enter the land, cut all or a part of the day, then go to his home, which was on a different piece of land, and each day that he did the cutting he would re-enter the lands to do the same. That after all the timber was cut, it was converted into logs, and was then, at different times,

and on different days, by another man employed by the appellant to do so, hauled from where it lay to a landing on said lands on a river, where it was then made into a raft, and then carried off as a raft in said river. That the said hauling was done about the middle of the said month of August, and covered a period of about eight or ten days; the logs being during this period hauled one by one, and some on one day and some on another. That the cutting and carrying off of this timber was done without the consent of the persons named in the indictment as the owners. There was also evidence tending to show that the appellant claimed that he did the cutting of said timber by the authority of a Mr. Stoutz; and there was evidence tending to show that this claim was untrue.

Upon the examination of Josiah Bancroft, as a witness for the State, he testified that he was a son of Charles M. Bancroft, deceased, and that his mother, who was the widow of said Chas. M. Bancroft, deceased, was Catherine Bancroft; that his brothers and sisters were the same parties as those who were named in the indictment. This witness further testified that his father left a will, and that Catherine Bancroft was the duly appointed executrix of said will; that the lands from which the timber was cut by the defendant belonged to his father during his life time, and that the timber was cut by the defendant without permission of any of the owners of said lands. This witness also testified that Catherine Bancroft was the owner of said land. Upon the cross-examination of said witness, after he had testified that he had employed one Richard Kipp to look after the lands and to keep people from trespassing upon them, he further testified that the only possession he and his mother or his brothers and sisters had of said land was that which was given to them under a deed; and that none of them lived on the said land, nor did their agent live on the said land, and that he had never been on said land. The defendant's counsel then asked the witness whether he knew if the lands were wild, uninclosed lands or not. The court thereupon

[Carl v. State.]

stated that the witness could not answer the question, since he had just testified that he had never seen the lands. Upon the defendant's counsel stating that the witness knew that he was in possession of said lands, and that neither he nor his mother did not live there, and that what he wished to show by the witness was that nobody was in the actual possession of said lands, the court stated that the witness could not answer the question. Upon defendant's counsel asking the witness whether or not his mother was in possession of said land, and whether or not he was in possession of said land, the court refused to allow such questions to be asked; stating to the defendant's counsel that he could not testify to such facts, having already testified that he had never seen the lands. To this ruling the defendant duly excepted.

The witness, Josiah Bancroft, also testified that the defendant admitted or confessed to him that he had cut the timber from the lands in question. This witness testified to the defendant's confession before any testimony was introduced showing the commission of the offense charged. Thereupon the defendant objected to such testimony, upon the ground that the *corpus delicti* had not been proven. The court overruled the objection, and the defendant excepted. Evidence to show the commission of the offense by the defendant was subsequently introduced by the State.

During the examination of Catherine Bancroft, she testified that she was the widow of Chas. M. Bancroft deceased, and that she was duly appointed executrix of her husband's will. The solicitor for the State asked this witness whether or not her husband was the Charles Bancroft to whom Mr. William Otis willed the property, from which the timber was alleged to have been taken. To this question the defendant objected, upon the ground that the will of Mr. Otis was the best evidence to prove such fact. The court overruled the objection, and the defendant duly excepted. The witness answered that her husband was the Charles Bancroft to whom Mr. Otis had devised said property.

The State introduced in evidence the book of wills in

which wills which were probated in the probate court of Mobile county were kept to show the admission to probate on October 26, 1895, of the will made by Charles M. Bancroft, by which he appointed Mrs. Catherine Bancroft executrix of the estate, and devised the estate, after the payment of his debts, to Mrs. Catherine Bancroft for her life to use, manage and control the same for her benefit and for the benefit of his and her children. The State also introduced so much of the book of wills as contained the will of William Otis, deceased, in which he bequeathed some of the lands from which the timber involved in this case was taken to Charles M. Bancroft.

The State not having shown that either Mrs. Catherine Bancroft or the children of Charles M. Bancroft, deceased, were in possession of the land at the time the timber was alleged to have been taken therefrom, the court excluded all of the testimony that was before the jury relating to the ownership of the land of Charles M. Bancroft.

The State then offered in evidence a deed from A. O. Sibley, and his wife to Charles M. Bancroft, dated March 24, 1894, conveying some of the lands from which the timber was alleged to have been cut. The State then offered in evidence a patent, duly executed on April 14, 1894, wherein the State of Alabama conveyed unto Charles M. Bancroft some of the lands from which the timber was alleged to have been taken. The State also offered in evidence a deed from Thomas Templeton and his wife to Catherine Bancroft, executrix, dated August 26, 1898, in which part of said lands was conveyed.

The State did not prove that either of the grantors in the respective deed mentioned was in possession of the lands at the time of the execution of said deed, nor did the State prove how the State acquired title to the land included in the patent issued to Charles M. Bancroft.

The defendant separately objected to the introduction of each of said deeds and said patents in evidence, upon the ground that they were illegal, irrelevant and immaterial. The court overruled each of such objections and the defendant duly excepted to each of said rulings. Thereupon the State offered in evidence a deed from the

sheriff of Mobile county, properly executed and acknowledged and recorded, which purported to convey to William Otis, under and by virtue of a sale under an execution against one Thrower, all of said Templeton's interest in and to a certain portion of the lands which were alleged to have been owned by Charles M. Bancroft, and from which the timber was alleged to have been taken by the defendant. This was the only evidence introduced in connection with said deed by the sheriff. The defendant objected to the introduction of said deed in evidence, upon the ground that it was illegal, irrelevant and immaterial. The court overruled the objection and the defendant duly excepted. The deeds, the patents and the will of William Otis and Charles M. Bancroft was the only evidence introduced tending to show title or possession of the lands in Catherine Bancroft and the children of Charles M. Bancroft, deceased.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury, among others, the following written charges, and separately excepted to the court's refusal to give each of them as asked: (16) "Gentlemen of the jury, I charge you that larceny can be committed only where there is taking and carrying away of the property of another by a trespass with a concurring and simultaneous intent to steal." (17.) "Gentlemen of the jury, I charge you that while larceny includes a trespass, it is more than a trespass, in that it involves felonious intent, and fraud or secretiveness, in effecting it; and knowledge of another's ownership and the intent to deprive him of it, are not the equivalent of these elements." (18) "Gentlemen of the jury, I charge you that knowledge of another's ownership and an intention to deprive him of his property, are not equivalent to, and can not supply felonious intent and fraud or secretiveness essential to larceny." (24.) "Gentlemen of the jury, I charge you that, a willful act is one committed with an evil intent, with legal malice, without reasonable ground for delivering the act to the lawful and without legal justification." (25.) "Gentlemen of the jury, I charge you that the word willful as used in the fourth, fifth and sixth

counts of this indictment, means not merely voluntarily, but with a bad intent." (26.) "Gentlemen of the jury, I charge you, that if you find from the evidence in this case, that the defendant entered upon the lands mentioned in the indictment, and there cut down growing trees and converted them into the logs mentioned in the indictment, and then carried these logs or any one of them off, this would not make the defendant guilty as charged in the fourth, fifth and sixth counts of the indictment; and if this is all the defendant did, then you must find him not guilty as charged in said counts." (28.) "Gentlemen of the jury, I charge you that if the one hundred logs the defendant is charged with stealing were not all severed from the freehold and carried off by him at one time, but were severed by him from the freehold and carried off at different times and by separate acts of his, then each severing and carrying off of said logs would constitute not one offense but several offenses, that is if the other essential elements of the crime with which he is charged were present; and if the logs severed and carried off by the several different acts of the defendant did not amount in value to a sum greater than twenty-five dollars, then you must find the defendant not guilty of grand larceny as charged in the fourth, fifth and sixth counts of the indictment." (29.) "Gentlemen of the jury, I charge you that if the logs the defendant is charged with stealing were cut at one time and by that act severed from the lands on which they grew, and were at another and subsequent time and by a separate act of defendant carried off, then the defendant must not be convicted as charged in the fourth, fifth and sixth counts of the indictment." (31.) "Gentlemen of the jury, I charge you that unless you believe beyond a reasonable doubt that the defendant in one and the same act cut timber on the lands mentioned in the indictment, and then carried said timber off, you must find him not guilty as charged in the fourth, fifth and sixth counts of the indictment." (33.) "Gentlemen of the jury, I charge you that in order to make the defendant guilty as charged in the fourth, fifth and sixth counts of the indictment, the logs he is charged with cutting

[Carl v. State.]

and carrying off must have been up to the time he cut them a part of the freehold, and must have been by his act of cutting them severed therefrom and must have been carried off by the defendant. In other words, the act of severing the logs from the freehold and the act of carrying the same off must have constituted parts of and have been one and the same transaction." (34.) "Gentlemen of the jury, I charge you, that in order to make the defendant guilty as charged in the fourth, fifth and sixth counts of the indictment, the logs he is charged with cutting and carrying off, must have been up to the time he cut them a part of the freehold and must have been by his act of cutting them severed from the freehold and must have been at once carried off by the defendant. In other words, the act of severing the logs from the freehold, and the act of carrying the same off, must have constituted parts of and have been one and the same transaction. And if you believe from the evidence in this case, that the defendant on a certain day severed the logs from the freehold and did not carry them off, but afterwards on a subsequent day re-entered the lands and for the first time carried off said logs, this would not constitute such a cutting and carrying off as that embraced within the meaning of the clause of the statute upon which the said counts are founded, and if this was the only kind of cutting and carrying off that the defendant did, then you must find him not guilty as charged in the fourth, fifth, and sixth counts of the indictment. (38.) "Gentlemen of the jury, I charge you, that you are the sole and exclusive judges of the weight and effect of the testimony; and unless you are satisfied from the evidence beyond every reasonable doubt, that the defendant took and carried away logs or a log or timber, the property of some of the persons named as the owner or owners thereof in the indictment by an act of trespass, and further that at the time of the commission of said trespass he had in his mind the concurring and simultaneous intent to steal said logs or timber, you must find the defendant not guilty." (39.) "Gentlemen of the jury, I charge you, that if you believe that the hundred logs cut from the lands were

[Carl v. State.]

worth less than twenty-five dollars, then you must find him not guilty as charged in the fourth, fifth and sixth counts of the indictment."

LESLIE B. SHELDON, for appellant.—The demurrers to the 4th, 5th and 6th counts of the indictment should have been sustained. These counts did not allege that the appellant cut and carr'ed off the timber with the intent to convert it to his own use, which is one of the essential elements of the offense with which it was attempted to charge him, and therefore, these counts were bad, though in the language of one of the forms prescribed by the legislature, as they were in conflict with one of the provisions of the Constitution of the State of Alabama, that is, that one declaring that the accused shall have the right to demand the nature and cause of the accusation brought against him.—Code of Ala. § 5049; *McCord v. The State*, 79 Ala. 269; 1 Bish. Crim. Proc. § 325; Constitution of the State of Ala., Art. 1, § 7; *Smith v. The State*, 63 Ala. 55; *Soutar v. Stirling*, 25 So. Rep. 499; 16 Am. and Eng. Enc. of Law, p. 219; note 4 on page 220; *Eubanks v. The State*, 17 Ala. 181; Bish Crim. Proc. 521; *Davis v. The State*, 8 Ala. 58; *Bryant v. The State*, 45 Ala. 86; *Murphy v. The State*, 24 Miss. 590; *Murphy v. The State*, 28 Miss. 637; *Norris v. The State*, 33 Miss. 373; *McLaughlin v. The State*, 45 Miss. 338; *Cathcart v. Commonwealth*, 1 Wright (Pa.) 508; *Brown v. People*, 29 Mich. 232; *People v. Olmstead*, 50 Mich. 431; *State v. O'Flaherty*, 7 Nev. 153; 1 Bish. Crim. Proc. §§ 26, 77, 88, 98, 321 and 523; 23 Am. and Eng. Enc. of Law, p. 36; *L. & N. R. R. Co. v. Markee*, 103 Ala. 160. The motion made to quash the indictment, should have been sustained. because there was no legal evidence before the grand jury, that the appellant had cut and carried away from the lands mentioned in the indictment any timber, except his admissions in the nature of confessions, and these were not sufficient to be the foundation of an indictment, without other and independent proof of the *corpus delicti*.—1 Bish. Crim. Proc. § 865; *Matthews v. The State*, 55 Ala. 187; Wharton Crim. Ev. § 325; Clark's Manual Crim. Law,

§§ 2406, 2485, and 2948; *Johnson's Case,* 59 Ala. 37; *Moses' Case,* 36 Ala. 211; *Stringfellow's Case,* 26 Miss. 157; *Pitt's Case,* 43 Miss. 472; *Jenkins' Case,* 41 Miss. 582.

The court below erred in denying defendant's motion to rule out of the evidence the statement of Mrs. Bancroft, that her husband was the Charless M. Bancroft to whom Mr. Wm. Otis willed this property. There was better evidence of this fact, if it was a fact. All the errors of the court below made in overruling defendant's objections to the introduction of parol and secondary evidence to establish the ownership of the land it was alleged the timber was taken from, and in denying defendant's motions to exclude such testimony, were not cured by the action of the court in afterwards ruling out all of said testimony that referred to the ownership of said lands by Mr. Bancroft. The objections of the defendant to the questions seeking to elicit this testimony, should have been sustained, and the motions made by him in reference thereto, should have been granted. The evidence showed conclusively that none of the persons named in the indictment as owners of the lands were in actual possession of the same at the time it was alleged the defendant trespassed upon them, therefore, the ownership of the same could be only legally proved by the title deeds.—*Bonham v. The State,* 73 Ala. 47; *Rogers v. Brooks,* 99 Ala. 34; *Cooper v. Watson* Adm'r. 73 Ala. 252; *Morningstar v. The State,* 52 Ala. 405.

The court erred in overruling the defendant's objection to the introduction in evidence by the State of the deeds, patent and the will under which the Bancrofts claimed title to the land.—*Cauley v. State,* 92 Ala. 71; *Maxwell v. State,* 89 Ala. 150; 3 Brick. Dig. 453, § 70; *Gordon v. Bell,* 50 Ala. 213; *Barclay v. Plant,* 50 Ala. 509; *Clements v. Pearce,* 65 Ala. 284; *Baucum v. George,* 65 Ala. 259; *Lewis v. Goguette,* 3 Stew. & Port. 184.

The court should have excluded all the evidence introduced by the State. It was sufficient to justify the jury in finding a verdict of guilty. The evidence was not sufficient to show beyond a reasonable doubt that the per-

sons named in the indictment as the owners of the lands upon which the timber was cut and from which it was taken, were the owners of the same.—*Bonham v. The State*, 73 Ala. 47; *Rogers v. Brooks*, 99 Ala. 34; *Cooper v. Watson, Admr.*, 73 Ala 252; *Morningstar v. The State*, 52 Ala. 405. Documentary evidence was introduced, but it did not trace the title back to the government, nor to any one who ever had actual possession of the lands, except, perhaps, in the case of the deed to Mrs. Catherine Bancroft, as executrix, from the Templetons, which deed was executed after the commission of the alleged offense.

CHAS. G. BROWN, Attorney-General, for the State. The court did not err in overruling the demurrer to the indictment. It is in the form expressly prescribed by the Code. Appellant's counsel fails to see, or fails to call the attention of the court to the distinction between the forms of indictments specially given in the Code, and indictments on statutes for which no special form is given and prescribed in the Code.—Crim. Code of 1896, p. 331, form 52; Crim. Code of 1896, § 4894; *Brown's Case*, 100 Ala. 92; *Bailey's Case*, 99 Ala. 43.

The motion to quash the indictment was properly overruled. A motion to quash, strike from the files should not be sustained unless "supported by evidence leaving no reasonable doubt on the mind of the court that the indictment was not the finding of twelve of the grand jury; or that it was found without evidence of witnesses before them, or legal documentary evidence," "when it appears witnesses were examined before the grand jury  *  *  * no inquiry into the sufficiency of the evidence is indulged."—*Sparrenberger v. State*, 53 Ala. 405.

The deeds introduced in evidence for the purpose of showing title in the Bancrofts were admissible.—*Palmer v. State*, 41 Ala. 418; *Smith v. Keyser*, 115 Ala. 459.

Although the evidence of alleged confessions may have been given in evidence before any independent proof of the *corpus delicti* was adduced, yet if introduced subsequently, the error in the prior admission was cured.— *Floyd v. State*, 82 Ala. 16. This was a question for the court and certainly there was abundant evidence tending

to show the *corpus delicti.* It was conclusively shown that the timber was cut and carried away under the direction of defendant, for which he promised to pay. *Ryan v. State,* 100 Ala. 94; *Grannison's Case,* 117 Ala. 22; *Mitchell v. State,* 22 Ala. 80; 2 McClain's Crim. Law. 618-19.

The charges refused to the defendant were properly refused.—7 Amer. Crim. Rep. 338, *et seq.; Ib.* p. 345; *McManus v. State,* 36 Ala. 285; *Harrison v. State,* 37 Ala. 154.

HARALSON, J.—1. The indictment is in the Code form (No. 52), and is sufficient.—*Brown v. The State,* 100 Ala. 92. The sufficiency of these forms has been sustained too often to be now questioned by the courts. *McCullough v. The State,* 63 Ala. 75; Code, § 5050.

2. An investigation having been had before the grand jury which returned the indictment, no inquiry into the sufficiency of the evidence adduced before that body can be made upon a motion to quash the indictment, and such motion was properly overruled.—*Bryant v. The State,* 79 Ala. 282.

3. If the court erred in admitting evidence of confessions before evidence of the *corpus delicti,* such error was cured by the subsequent introduction of such evidence.—*Floyd v. The State,* 82 Ala. 16.

4. The identification of a person named as beneficiary in a will by parol evidence, is not a violation of the rule requiring the production of the writing; in fact such is generally the highest and best evidence of the fact.—*Ferguson v. Rafferty,* (Pa.) 6 L. R. A. 43, note.

5. While a witness not familiar with land may not know who is in possession of it; he may testify to the negative fact that a certain person is *not* in possession, since such fact may well be within his knowledge, though he is not familiar with the land.—*Mining & Man. Co. v. Warren,* 91 Ala. 533.

The admission of parol evidence as to the ownership of land was without injury because afterwards excluded.

6. This brings us to the consideration of the documentary title offered in evidence relative to the owner-

ship of the lands from which the timber is alleged to have been taken. The deeds from Templeton and wife to Catherine Bancroft, executrix, and Sibley and wife to C. M. Bancroft and the will of William Otis were not sufficient proof of ownership in the absence of evidence, showing that the grantors and the testator had possession of the lands, the title not being traced back to the government.—*Florence etc. Asso. v. Schall*, 107 Ala. 531. So with regard to the sheriff's deed to Otis, there being no evidence of any judgment or execution nor possession on the part of the defendant in execution.—*Barclay v. Plant*, 50 Ala. 509; *Reddick v. Long*, 124 Ala. 260. The patent from the State to C. M. Bancroft conveyed no title upon which the prosecution could rely to prove ownership, unless the State is shown to have had title by either positive or presumptive evidence, since the sovereignty of the soil originally resided in the Federal Government. *Knabe v. Burden*, 88 Ala. 436. It is scarcely necessary to say that the ownership of the property must be proved as alleged in the indictment. It is sufficient, however, to allege such ownership in the party in possession and such possession is competent proof *prima facie* at least, of ownership.—*Thomas v. The State*, 97 Ala. 3; *Matthews v. The State*, 55 Ala. 65; *Morris v. The State*, 84 Ala. 446. The mere fact, however, that one not in possession of lands but claiming to own them, instructs another who is also not in possession to look after the lands and keep off trespassers, is not sufficient proof of possession in the absence of the exercise of some act of ownership.—*Reddick v. Long, supra*. The acts of ownership necessary to constitute possession will vary according to the character of the land, but such use must be made of it as its nature will permit. In other words "the possession must be by acts suitable to the character of the land."—*Bell v. Denson*, 56 Ala. 444. Where there is no evidence of possession either actual or constructive, as is the case at bar, it is necessary to show the legal title by proper deeds of conveyance and such deeds must be accompanied by evidence of possession on the part of the grantors or the title must be traced back to the government.—*Florence etc. Asso. v. Schall, supra*. As

there was no evidence of ownership shown either by possession or proper deeds of conveyance accompanied by acts of ownership, the affirmative charge should have been given at defendant's request.—*Walker v. The State,* 111 Ala. 29.

7. Where one, knowingly and willfully and without the consent of the owner thereof, enters upon the lands of another and cuts and carries away timber or rails therefrom with intent to convert the same to his own use, he is guilty of the offense condemned by the statute. Between a bare naked trespass, not committed by accident or mistake, nor under a *bona fide* claim of right, and larceny, the statute makes no distinction. In other words, such a trespass is denounced by the statute as larceny. The secrecy or publicity of the act can only be material when it is done under a claim of right. In this event, the secrecy or publicity of the act might be material in determining the *bona fides* of the claim and consequently the criminality of the act.—*Newsom v. The State,* 107 Ala. 133; *Postal Tel. Co. v. Lenoir,* 107 Ala. 640; *Russell v. Irby,* 13 Ala. 131.

8. It is certainly true that under an indictment charging only one offense, but one can be proved.—*Mc-Cullough v. The State,* 63 Ala. 75. When testimony is offered of several separate and distinct offenses and the prosecution has individualized or particularized one transaction by inquiring into the details thereof, it will be required on motion, to rely for a conviction solely upon such transaction, but the right to require the election must be exercised during the trial.—*Peacher v. The State,* 61 Ala. 22; *Beasley v. The State,* 59 Ala. 20. Where, however, guilt may consist either in one act or a series of acts but one offense has been committed and no case for election arises.—*McCullough v. The State, supra.* Applying these principles to the case at bar, we hold that if the defendant entered upon the land with intention to cut and carry away the timber, under the circumstances denounced by the statute, and pursued such intention until the same was effectuated, it is immaterial that it required a number of days, or perhaps weeks, to consummate the same. Such an act or series

[Carl v. State.]

of acts would constitute but one offense, and each day's work would not be separate and distinct offenses. If, however, the evidence showed that there was an absolute and unqualified abandonment of the purpose after partial execution and the subsequent formation of a new purpose, though of a similar nature, followed by another unlawful act, the offenses would be separate and distinct, and a case for election would arise, if the indictment charged but one offense. These views dispose of every material question likely to arise upon another trial.

9. Applying them to the charges requested by appellant and refused, we hold that charge No. 16 was properly refused. If it were a correct statement of the law of larceny generally, it is misleading when applied to the statutory offense for which appellant was indicted and convicted. Charges Nos. 17 and 18 were misleading and in conflict with the views here expressed, in that felonious intent and secrecy are not essential ingredients of the offense. Charge No. 24 was properly refused. The language in which it was couched is unintelligible. Charge No. 25 was erroneous and misleading. The word "willful" as used in the statute means either intentional or by design, regardless of the intent; that being covered by another part of the statute. Charge No. 26 was faulty in ignoring the absence of the ingredients of the offense as defined by statute, and was calculated to mislead. Charges Nos. 28, 29, 31, 33 and 34 were erroneous, as they required the entry, cutting and carrying away to have been accomplished by one continuous and uninterrupted act. Charge No. 38 is subject to the same vice as No. 16.

By virtue of the express language of the statute when an indictment charges an offense of which there are different degrees, there may be a conviction of any degree. Code, § 5306. The offense for which the appellant was indicted is by the statute made grand or petit larceny according to the value of the property cut and carried away.—Code, §§ 5049-50. It follows that the last charge requested by appellant, No. 39, was properly refused.

The rulings of the lower court were not in harmony

[Osborn v. State.]

with this opinion and its judgment must be reversed and the cause remanded.   Let the defendant remain in custody until discharged by due course of law.

Reversed and remanded.