# Crow, *et al. v.* Burtwell.

### *Assumpsit.*

(Decided May 11, 1915.   Rehearing denied June 15, 1915.
69 South. 382.)

1. *Pleading; Construction.*—A pleading is construed most strongly against the pleader, and the facts which are not averred presumptively do not exist, and in construing a pleading the court may not by reconstructing and transposing the language, make certain that which was uncertain.

2. *Release; Consideration.*—Where one party has performed his part of the contract fully, and the only thing that remains for the other party to do is to pay the money called for by it, the contract cannot be changed, and a partial release based alone on mutual assent is not supported by any consideration, and is without effect.

3. *Bills and Notes; Plea; Release.*—Where the action was upon rental notes, a plea alleging that the notes were two of a series executed for rent of premises consisting of a storehouse, dwelling and grounds; that the storehouse and dwelling, while occupied by a sub-tenant, were destroyed by fire; and that thereupon the land-

[Crow, et al. v. Burtwell.]

lord voluntarily approached defendant and proposed to defendant that if defendant would pay a half of the face of the notes, he would release him from the remainder; that defendant accepted the proposition and released the sub-tenant on the payment of rent, and abandoned to the landlord the part of the premises which had been burned, and thereafter offered to pay according to the agreement; when construed most strongly against the pleader, fails to allege a consideration for the promise on the part of the landlord, and will not constitute a defense to the action on the note.

4. *Appeal and Error; Harmless Error; Rule of Injury.*—If after examining the case, the court cannot say that the rulings on the pleading, if erroneous, injuriously affected the substantial rights of the parties and the record fails to disclose that the rulings were probably prejudicial, an affirmance will follow under rule 45, Supreme Court Practice.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. H. A. BRADSHAW, Special Judge.

Assumpsit by James Burtwell against J. N. Crow and another. From a judgment for plaintiff, defendants appeal. Affirmed.

The following are the pleas referred to: (2) The defendants say: That the notes sued on were executed by them for the rent of certain premises in Florence, Ala., consisting of a storehouse, dwelling, and grounds around the same comprising about six acres of cultivated land. That before the expiration of the said lease, and when there were then outstanding and unpaid three notes of $20 each, the storehouse was completely destroyed by fire. That thereupon the plaintiff offered, if defendants would pay the sum of $30, that he would release them of the obligation to pay the said rent, and that they were to keep the possession of that portion of the premises not so destroyed. That said proposition was accepted by defendants, and they paid the sum of $20 to plaintiff, and before suit was brought offered to pay the remainder, which offer was refused.

(3) Come the defendants, and, for plea to the complaint exhibited against them, say: That the notes sued on are two of a series of twelve notes executed by them

for the rent for the year 1911 of certain premises in the city of Florence, Ala., consisting of a storehouse, dwelling, and grounds consisting of about six acres of cultivatable land of which they had been placed in possession and a portion of which, to wit, the storehouse and dwelling house, they had sublet to one B. B. Garner. That while the said premises, to wit, the storehouse and residence, were occupied by the said Garner, the storehouse was destroyed by fire. That at that time there were outstanding three notes of $20 each, two of which are the notes here sued on. That, upon the destruction of the said storehouse by fire, the plaintiff voluntarily approached defendants and proposed that if they would pay one-half of the face of the said notes, to wit, the sum of $30, he would release them of the remainder of the sum represented by the notes. That they thereupon accepted said proposition, and when the first of the said three notes became due paid it. That, acting upon said agreement, they released their subtenant, the said B. B. Garner, of the payment of the rent on the said storehouse, for which he had agreed to pay $12 per month, and abandoned to the said plaintiff that portion of the premises which had been burned, to wit, the said storehouse site, and before suit was brought, and thereafter, offered to pay the remainder due according to the terms of the said agreement, to wit, the sum of $10, which sum the plaintiff refused to accept.

The demurrers were that the pleas do not show a consideration for the alleged release, and that the pleas show that the defendants were indebted to the plaintiff in the two notes sued on, and set up a release from said indebtedness, and does not show any consideration therefor.

[Crow, et al. v. Burtwell.]

PAUL HODGES, for appellant.

GEORGE P. JONES, for appellee.

PELHAM, P. J.—It was our conclusion, and it was so stated in the original opinion reversing the judgment of the lower court, that pleas Nos. 2 and 3 contained averments showing a sufficient consideration to support the release therein pleaded, and that the trial court committed reversible error in sustaining the demurrers to these pleas taking the point that they failed to show a consideration for the release set up by the pleas. Upon a reconsideration of the case on rehearing, we are of the opinion that to so hold is to indulge presumptions and implications in support of the pleas as against the demurrers directed against them that are not justified under an application of the proper rules of construction; and the original opinion has been withdrawn.

The voluntary offer, averred in the pleas to have been made by the plaintiff (appellee here), to release part of the rent evidenced by the note which the defendants were legally obligated to pay, shows no consideration for the offer, and the mutual agreement set up between the parties, whereby the plaintiff was to release the defendants from a part of their obligation to pay the rent evidenced by the notes sued upon, is not shown by the allegations contained in the pleas to have been based on any consideration moving from the promisor to the promisee, unless we read into the averments of the pleas by intendment that which under the rules of construction it is not permissible to do.

(1) It is a familiar rule that pleadings must be construed most strongly against the pleader, and facts not averred must be presumed not to exist (*Lovell v. Debardeloben*, 90 Ala. 13, 7 South. 756), and that in con-

struing pleadings courts are not justified in reconstructing and transposing the language employed so as to make certain that which is uncertain.—*B. R., L. & P. Co. v. Wright,* 153 Ala. 90, 106, 44 South. 1037.

(2) The contract had been performed on one side, and only the money evidenced by the rental notes sued upon remained to be paid on the other. Such a contract cannot be changed, or a partial release effected as between the parties based alone on mutual assent unsupported by other consideration.—*Westmoreland v. Porter,* 75 Ala. 452.

(3) For aught appearing in the pleas to the contrary, the defendant's acceptance of the plaintiff's voluntary offer to release him from payment of part of the notes and his payment of $20 was not until after the maturity of the notes. The allegation that part of the premises had been destroyed by fire and this part "abandoned" by the defendant to the plaintiff does not relieve the agreement or release set up from being a nudum pactum. There is no averment that the plaintiff accepted the abandoned part of the premises and took possession of it under an agreement to release the defendant of payment of part of the rental for which he was bound, and from which a partial destruction of the premises by fire did not relieve him.—4 Mayf. Dig. 40, § 239. Construing the pleas, as is the rule, most strongly against the pleader, and not indulging inferences in support thereof favorable to the pleader, no consideration is alleged for the release set up in the pleas, and the court properly sustained the demurrers taking this point, and, this being the only question presented, it follows that the judgment appealed from must be affirmed.

(4) Another reason why there should be a judgment of affirmance is furnished by the fact that the appeal

[Moon, et al. v. Benton.]

is on the record without a bill of exceptions, and the court could not say that it is of the opinion, after an examination of the entire case as presented by the record, that the rulings complained of on the pleadings, if error, probably injuriously affected the substantial rights of the parties, and the record failing to show that the rulings on the pleadings, if erroneous, were probably prejudicial, an affirmance should follow under Supreme Court rule 45 (see front pages of 175 Ala. xxi, 61 South. ix).—*Henderson v. Tenn. Coal, Iron & R. R. Co.,* 190 Ala. 126, 67 South. 414.

Affirmed.