## Harrison v. The State.

### Violating Prohibition Law.

(Decided June 15, 1915.   69 South. 383.)

1. *Intoxicating Liquors; Indictment; Sufficiency.*—An indictment charging that defendant sold, offered for sale, kept for sale, or otherwise disposed of liquor, in general terms, was sufficient to cover the offense denounced by section 24, Acts 1909, p. 86.

2. *Appeal and Error; Harmless Error; Pleading.*—Where the indictment contained one good count and one bad count, and defendant was convicted of only one offense, the error in overruling demurrer to the bad count does not justify a reversal of the conviction, since the matter falls within the purview of rule 45, Supreme Court Practice.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Bud Harrison was convicted of violating the prohibition law, and he appeals. Affirmed.

J. A. CARNLEY, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

PELHAM, P. J.—The appeal in this case is on the record without a bill of exceptions. The transcript shows an indictment containing two counts for violations of the prohibition laws. The first count is confessedly good, and charges the defendant in the generally used form with having sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors contrary to law. The second count is drawn under section 24 of the Fuller Bill (Acts Sp. Sess. 1909, p. 86), and specifically avers that the defendant did convey or transport spirituous, vinous, or malt liquors over or along a public highway for another, but does not aver

the act to have been contrary to law. Demurrers were interposed to the second count of the indictment, that were overruled by the court, taking the point, among others, that the second count was bad in failing to aver the act complained of to have been unlawful, or, in other words, that the prohibited liquors were conveyed or transported contrary to law.

(1) The charge embraced in the first count of the indictment is broad enough to cover the offense denounced by section 24 of the act referred to, under which the second count was drafted. The legal effect of the count is but to make a more specific charge of the violation of the prohibition laws covered by the first count, by averring a violation of section 24 in the language of the statute.—*Bush v. State,* 12 Ala. App. 260, 67 South. 847.

(2) The recitals of the judgment entry show that the defendant was convicted on the indictment of but one offense for the violation of the prohibition laws, and, the first count being a good count, not attacked, charging such an offense, it is unnecessary to review the rulings of the trial court in overruling demurrers to the second count; for, even if this ruling on the pleadings alone was erroneous, it was not error authorizing a reversal of the judgment of conviction, as, under Supreme Court practice rule 45 (175 Ala. xxi, 61 South. ix), the court could not say after an examination of the entire record, which shows a good count charging the offense for which the defendant was convicted, and contains a bill of exceptions, that the ruling complained of probably injuriously affected the substantial rights of the defendant.—*Henderson v. Tenn. Coal, Iron & R. Co.,* 190 Ala. 126, 67 South. 414; *Crow et al. v. Burtwell, infra,* 69 South 382.

Affirmed.