# Rogers *v.* The State.

### Violating Prohibition Law.

(Decided January 30, 1917.   73 South. 994.)

1. **Intoxicating Liquors; Indictment.**—An indictment charging that defendant sold, offered for sale, kept for sale, or otherwise disposed of prohibited liquors, is sufficiently broad to charge the offense denounced by § 33, Acts 1915, p. 34.

[Rogers v. The State.]

**2. Charge of Court; Directing Verdict.**—Where the undisputed and direct evidence, as well as defendant's own admission, shows that he is guilty of the offense charged, the court will not be put in error for giving the general charge with proper hypothesis as requested by the state.

**3. Criminal Law; Election; Necessity.**—Where the indictment charged that defendant sold, offered for sale, kept for sale, or otherwise disposed of prohibited liquors, but the evidence showed only one transaction and one offense, there was no occasion for an election.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Hugh Rogers was convicted of violating the prohibition law, and he appeals. Affirmed.

J. W. INZER, and EMBRY & EMBRY, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—(1) The indictment, charging that the defendant sold, offered for sale, kept for sale, or otherwise disposed of prohibited liquors, was sufficiently broad to cover and charge an offense under section 33 of the act approved January 23, 1915. See Acts 1915, p. 34, § 33; *Bush v. State,* 12 Ala. App. 260, 67 South. 847; *Harrison v. State,* 13 Ala. App. 354, 69 South. 383; *Arrington v. State,* 13 Ala. App. 359, 69 South. 385.

(2) The undisputed and direct evidence, as well as the defendant's own admission, was to the effect that the defendant was guilty of committing the offense prohibited by section 33 of the act referred to and cited in the first paragraph, without affording an adverse inference; and the court cannot be put in error for giving the general charge, with proper hypothesis, requested by the state against the defendant.—*Jones v. State,* 96 Ala. 56, 11 South. 192; *Johnson v. State,* 91 Ala. 70, 9 South. 71; *Olmstead v. State,* 89 Ala. 16, 7 South. 775.

(3) There was only one act or transaction shown by the evidence and the commission of but one offense, and there was no occasion for an election.—*Boice v. State,* 10 Ala. App. 100, 65 South. 83; *McCullough v. State,* 63 Ala. 75.

The court committed no error in refusing the special instructions requested by the defendant.

Affirmed.