### G. W. Whitmore v. R. T. P. Allen.

1. A conspiracy may be proved as well by the acts of the conspirators as by any declarations they may have made, touching their intended or accomplished designs.

2. This court cannot recognize that any power existed in the so-called Confederate government to authorize its agents to deprive any citizen of his liberty.

3. Even the authorized agents of a *de jure* government must, in their treatment of citizens, confine themselves to the scope of their legal authority; and if they transcend that limit, they become liable in damages to any party injured by their acts. And such damages, when the outrage is gross and the injury great, either to person, property or reputation, should be punitory, and not merely compensatory.

4. In action for damages resulting from false imprisonment of the plaintiff, it was error to instruct the jury to the effect that one who himself had no lawful power over the liberty of another could authorize a third party to restrain that liberty.

Appeal from Smith. Tried below before the Hon. Samuel L. Earle.

The defendants in this action were R. T. P. Allen, H. V. Hamilton, D. B. Martin, James C. Curtis, W. W. Ross, Howard Allen, J. P. Border, Joseph K. Davidson, M. S. Morris and C. C. Francis.

The suit was instituted by the appellant in January, 1866, to

recover damages to the amount of one hundred thousand dollars, for an alleged conspiracy against, and false imprisonment of the plaintiff, commencing in November, 1863, and continuing until the same month in the year 1864.

Barecroft, Hamilton, Martin and Curtis answered in substance that whatever they may have done to the plaintiff was not of their own free will, but under compulsion of the Confederate States government and certain of its military officials.

Ross answered that he was in the Confederate service against his will and by compulsion, and if he ever participated in imprisoning the plaintiff he did so under coercion.

Francis answered that he was a surgeon in the Confederate service, and the plaintiff was placed under his care for medical treatment; that he gave the plaintiff every attention in his power, and granted him every indulgence consistent with the duties of a surgeon, and uniformly treated him with kindness and humanity.

Border, Davidson, Morris and the two Allens filed no answer at all; and all those who did answer denied that they maltreated the plaintiff.

The trial of this case occupied the court below for more than a week. A large amount of testimony was adduced, and many bills of exception were reserved on questions arising out of it. The charges of the court, given and refused, were numerous and copious. But in view of the rulings of this court, and of the compendious statement in the opinion of the material facts, there is no occasion to enter into further details.

The jury returned a general verdict of not guilty. A new trial was refused, and the plaintiff appealed.

No brief for the appellant.

*T. T. Gammage*, for the appellees, Francis and Curtis.

*S. P. Donley*, for the appellee, Martin.

WALKER, J.--The appellant has furnished the court with no brief in his case.

But the record furnishes abundant reasons for reversing the judgment.

A conspiracy may be proven as well by the acts of the conspirators, as by anything they may say, touching what they intend to do, or after the object of conspiracy has been carried out.

We as a court of justice can recognize no power in a government, at most only a *de facto* government, to authorize its agents to deprive any citizen of his liberty without due process of law.

Even the authorized agents of a *de jure* government, must confine themselves in their treatment of the citizen, to the scope of their legal authority, and the moment they transcend it they become liable for their acts in damages at the suit of the injured. Such damages when the outrage is gross, and the injury great to person, property or reputation, should be punitory, not merely compensatory.

The appellees appear to have acted as an independent organization of cavalry, under authority of the Confederate States. They kidnapped the appellant, and dragged him away from his family and home, put him first in prison in Tyler, Smith county, Texas, where he was locked up in an iron cage, and kept there seven days and nights; taken thence to a place called Camp Ford, where he was kept in a stockade for a period of several months; was thence removed to a place in Cherokee county, called Camp Martin, and kept for several months longer, making a period of something near twelve months, during which time he was subjected to such insult, outrage and indignity, as would have rendered death preferable. Nor does any cause appear for all this maltreatment, nor are any charges even preferred against him in all this time.

The verdict is not merely against the weight of evidence, but is against all the legal evidence in the case.

The charge of the court, though mainly correct, was so given as to mislead the jury, if they had intended to render an honest verdict.

But it is not correct law to say that one who has no just power or control over the liberty of another can authorize a third party to restrain and take away that liberty.

The judgment is reversed as to all the appellees except Dr. Francis, against whom there is no evidence; as to him it is affirmed, and the case is remanded to be proceeded with in accordance with this opinion.

Reversed and remanded.