(Decided 20th June, 1893.)

---

THE NATIONAL BANK OF COMMERCE *vs.* WILLIAM BAKER.

*Malicious arrest and False imprisonment—Evidence—Instruction.*

In an action for malicious arrest and false imprisonment, against a bank, the officer who made the arrest said he had no orders from the defendant, but that his superior officer ordered him to go to the plaintiff's place of business and "see that there were no violations of the law committed." The defendant's collection clerk said the cashier gave him a draft and told him to present it to the plaintiff for payment, to let him see every thing that was in it, to be as polite as possible, that he did not want to have any trouble with plaintiff, and that a detective officer would go along and protect him. The cashier swore he gave no orders or instructions as to arresting the plaintiff. Apprehending that the collector might be assaulted by the plaintiff, he went to the office of the marshal of police, and requested that an officer might be sent along to protect the collector. The arrest of the plaintiff was made by order of the collector. HELD:

That there was no proof to justify an instruction leaving it to the jury to find that the defendant or its cashier authorized or directed the arrest of the plaintiff.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

National Bank of Commerce *vs.* Baker.

The cause was argued before ALVEY, C. J.; ROBINSON, BRYAN, FOWLER, PAGE, ROBERTS, McSHERRY, and BRIS-COE, J.

*John C. King,* for the appellant.

*Francis E. Pegram,* and *W. George Weld,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is an action for malicious arrest and false imprisonment. It was instituted in the Superior Court of Baltimore City by the appellee, William Baker, against the National Bank of Commerce of Baltimore, and the verdict being against the latter, it has appealed.

The only question necessary to consider arises upon the exception taken by the defendant Bank to the separate instructions given by the Court below. These instructions were, that the collecting clerk of the defendant had "no implied authority from the defendant to cause the arrest of the plaintiff, and that there is no evidence of the ratification of said arrest by defendant; and the plaintiff is not entitled to recover unless the jury find from the evidence, as hereinafter set forth, that the defendant had previously expressly authorized or directed said arrest." And "that if the jury find that, when said Henning (the collecting clerk) was about to go to plaintiff's place of business to present the draft referred to, the cashier of defendant, from personal feeling or ill-will against plaintiff, or from some unlawful motive, instructed the said Henning or the officer to arrest the plaintiff, and to so arrest him, without regard to whether the plaintiff should give any just ground for arrest or not, and without regard to whether or not in case of arrest, there should first be procured a warrant or not, then the plaintiff is entitled to recover."

It is contended by the appellant that there is a total absence of any proof to justify these instructions, in so. far as they leave it to the jury to find that the defendant or its cashier authorized or directed the arrest of the plaintiff, and with this view we agree. The officer who made the arrest says he had no orders from the defendant, but that his superior officer ordered him to go to or near plaintiff's place of business and "see that there were no violations of the law committed." The defendant's collecting clerk says "the cashier gave me the draft and told me to present it to the plaintiff, and not to allow it to go out of my hands, but to present it for payment; to let him see it; to let him see everything that was on it, but to be as polite as possible; that he did not want to have any trouble with plaintiff; he said there was a detective officer to go along; he said this man is an officer and he will protect you." And the cashier himself swears he gave no orders or instructions as to arresting the plaintiff. He went to the office of the marshal of police and informed that officer that he wanted to send the defendant's runner to plaintiff's place of business, and apprehended he might be assaulted by the plaintiff, and requested that an officer might be sent along to protect the runner.

We are unable to find any evidence in the record which measures up to the strict requirements of the settled rule in a case like this, for before the defendant can be held liable "it must be shown either that there was *express* precedent authority for doing the act, or that the act has been ratified and adopted." *Carter vs. Howe Machine Company*, 51 *Md.*, 298.

The jury were instructed, however, without objection that there was no ratification in this case, and as we have seen, there is no evidence of any express precedent authority. If we should assume that the arrest was made by the express authority or order of the defend-

ant, or was subsequently ratified by it, or by some officer having power to bind it, the authorities cited by appellee would have some application. In the case of *Warner vs. Riddiford*, 4 *C. B. N. S.*, 202, the defendant took the officer with him to the plaintiff's house and stood by while the officer made the arrest. In *Lynch vs. Metropolitan Elevated Railway Co.*, 90 *N. Y.*, 77, it was held that the gate-keeper was acting within the scope of his authority when he made the arrest. Here, however, no officer of the defendant Bank, who could bind it without express authority, was present when the arrest was made, for, as we have said, the Court below instructed the jury, without objection, that the runner of the defendant who ordered the arrest had no such implied authority, and, as we have seen, there was no express authority.

It follows that the judgment must be reversed. And, inasmuch as the plaintiff has failed to make out any case whatever against the defendant, a new trial will not be awarded.

> *Judgment reversed,*
> *without a new trial.*

(Decided 20th June, 1893.)