# Gambill v. Fuqua.

## Malicious Prosecution and False Imprisonment.

(Decided Dec. 6th, 1906. 42 So. Rep. 735.)

1. *Pleading; Inconsistent Defenses.*—Pleas which deny the arrest and seek to set up facts justifying the same, are demurrable, for the denial is available under the general issue, and justification is inconsistent with the denial.
2. *Principal and Agent; Evidence of Agency; Declaration of Agent.*—The unsupported declaration of an agent is incompetent to prove his authority as such.
3. *Same; Powers of Agent.*—An agent has no implied power to do a thing which his principal is not authorized to do.
4. *Arrest; Authority to Arrest; Necessity for Warrant.*—The deputy license inspector has no authority for making arrest for violation of the license law, without a warrant.
5. *Trial; Issue for Jury; Evidence to Sustain.*—If there is no evidence of prior authority or subsequent ratification of the act of the alleged agent, the question of prior authority or subsequent ratification cannot be properly left to determintion of a jury.

[Gambill v. Fuqua.]

6. *False Imprisonment; Action; Evidence of Justification; Admissibility Under Pleadings.*—Questions to the plaintiff as to whom he sold milk, and as to whether the deputy license inspector knew at the time that he was engaged in the milk business, were improper, in an action by plaintiff for false imprisonment under an arrest by the deputy of the defendant, who was license inspector, for selling milk without license; such questions tended to show justification which was not specially pleaded, and such evidence was inadmissible under the general issue.

7. *Appeal; Review; Harmless Error; Relevant Evidence; Subsequent Admission.*—If it was error to sustain an objection to a question concerning the election as special policemen of the man who arrested plaintiff, it was cured by the subsequent admission of testimony from the same witness that as chairman of the police board, he swore such person in as special policeman.

8. *False Imprisonment; Actions; Evidence.*—Where the action was for false imprisonment against a license inspector, it was competent to show that the person making the arrest was a deputy of the defendant during the month in which the arrest was made.

9. *Trial; Instructions Ignoring Evidence.*—Where the arrest was made by an alleged agent of defendant, an instruction that a statement made by the agent at the time of the arrest was not admissible to show authority from defendant to do so, was erroneous in ignoring evidence tending to show ratification and authority.

10. *Same.*—Where the arrest was made by the alleged agent of defendant, a charge that the verdict must be for the defendant, unless plaintiff arrested defendant or caused him to be arrested, was misleading and ignored liability on ratification of the agent's act and properly refused.

11. *Same; Application of Instructions to Pleading and Evidence.*—An instruction which alleges that if defendant sold milk in the presence of the deputy, the latter had authority to arrest him, there being no evidence of such a sale and no plea of justification, was properly refused.

12. *Damages; Instructions.*—An instruction that unless the jury believe that damages should be awarded as a punishment for the false imprisonment, then only actual damages should be given, and if no actual damages were sustained, then the verdict should be for nominal damages, was properly refused as misleading.

29

13. *Trial; Instructions Ignoring Evidence.*—Where the arrest was made by an alleged agent of defendant, a charge asserting that if the jury believe all the evidence, the arrest was without the authority of the agent, is improper, as it ignores evidence of prior authority or ratification.

14. *Same.*—A charge that unless defendant ratified the agent's act, the verdict should be for the defendant, ignores the evidence of prior authority and is properly refused.

15. *Same.*—An instruction that if the agent had no other authority from plaintiff to arrest defendant, except such as was implied by the relation between them, unless the defendant ratified the arrest, is unintelligible for confusing the parties.

16. *Pleading; Demurrer.*—A plea asserting that plaintiff was arrested under a warrant properly issued for violating an ordinance as to sale of milk, was demurrable in not confessing nor avoiding the allegations of the count to which it was addressed.

APPEAL from Birmingham City Court.

Heard before HON. CHARLES A. SENN.

Action by John Fuqua against A. A. Gambill. Judgment for plaintiff, and defendant appeals.

This was an action for malicious prosecution and false imprisonment. The first count was in Code form. The third count was as follows: "The plaintiff claims of the defendant the sum of $2,500.00 as damages for maliciously and without probable cause therefor causing the plaintiff to be arrested and imprisoned on a charge of doing business without a license in the city of Birmingham, Alabama, meaning thereby the selling of milk within said city and without a license, for a long space of time, viz., one hour, on, viz., the 18th day of September, 1901." Count 5: Same as count 3 down to and including the words "September, 1901," where they last occur therein, and adding: "And plaintiff avers that he was confined in the Birmingham city prison for, viz., said length of time, one hour, which is a foul den filled with noxious odors, and he was thrown with disreputable persons confined in said prison, and was greatly humiliated, and suffered great distress of mind, and was put to inconvenience and annoyance, and was made physically uncomfortable, to his damage of $2,500.00 as aforesaid; hence this suit."

After demurrers were overruled to these counts, the defendant filed pleas of the general issue and pleas 3 and 4, as follows: Plea 3: "The defendant, for further answer to the complaint, and to each count thereof, separately and severally, except counts 2, 4, and 6, says that the plaintiff ought not to have and recover any sum of the defendant, because he says and avers that the defendant had violated an ordinance of the city of Birmingham, Alabama, prohibiting the sale of milk without having first paid for and taken out a license so to do, and defendant alleges that said plaintiff was arrested by one J. J. Boggan for the offense of engaging in the sale of milk without having first paid for and taking out any license, and that said arrest was made by said Boggan under and by virtue of a warrant issued by N. B. Feagin, as judge of the inferior court, criminal, of Birmingham, who had power and jurisdiction to issue said warrant. And defendant further avers that the said J. J. Boggan was vested with the power of a police officer of said city, and made said arrest under and by virtue of such power and authority. Wherefore he prays judgment." Plea 4 was the same as plea 3, except that it is alleged that the warrant under which the arrest was made was issued by one James Meade, clerk of the inferior criminal court of Birmingham, Ala., who had power and authority to issue such warrant.

Demurrers were interposed to these pleas as follows: Present immaterial issues; do not deny the allegations of the counts to which they are addressed, nor confess and avoid them; do not aver or show that the ordinance, for the violation of which plaintiff was arrested, was a valid law of the city of Birmingham; because said pleas do not aver that Boggan was not acting for or at the instance of the defendant; because said pleas do not aver that Boggan was acting for himself, and not as a representative or agent of the defendant; because said pleas do not aver or show that the defendant did not cause the arrest.

The evidence tended to show that the plaintiff, Fuqua, was engaged in the milk business in the city of Birmingham, and that he was arrested without warrant for

engaging in that business without license. The arrest was made by Boggan, who was shown to be the deputy of Gambill, milk and other inspector for the city of Birmingham. It was also shown that Boggan was a special policeman. The case docketed against the plaintiff was for selling milk without license. The defendant introduced the license ordinance in the city of Birmingham regulating the sale of milk, and also introduced an ordinance requiring the marshal and every policeman to arrest without warrant the person found violating any of the city ordinances. The other facts, together with the exceptions to the evidence, are sufficiently set out in the opinion of the court.

A number of charges were requested by the defendant and refused by the court. Those referred to in the opinion are as follows:

The first, second, fourth, sixth, and eighth charges are the general charge as to the several counts of the complaint.

Charge 12: "Unless you believe from the evidence that defendant ratified Boggan's act in arresting plaintiff, the verdict must be for the defendant."

Charge 14: "If you believe from the evidence that Boggan had no other authority from plaintiff to arrest defendant, except such as was implied by such relation as may have been shown between them, your verdict must be in favor of defendant, unless you find from the evidence that defendant ratified the arrest with such knowledge thereof as would make such ratification binding."

Charge 15: "Boggan's statements, made at the time he arrested plaintiff, are not admissible to show that Bogagn was authorized to make the arrest, and these statements must not be considered by you as being evidence of such authority."

Charge 16: "An agent's authority can never be established by his own declarations, made out of the presence of his principal."

Charge 24: "Unless you believe from the evidence that the defendant arrested plaintiff, or caused him to be arrested, as alleged in the complaint, your verdict must be in favor of the defendant."

[Gambill v. Fuqua.]

Charge 28: "If you believe from the evidence that plaintiff, in the city of Birmingham and in Boggan's presence, sold, supplied, or offered for sale sweet milk, skimmed milk, cream, or buttermilk, I charge you that Boggan had authority to thereupon arrest him, and that such arrest was lawful."

Charge 21: "If you are reasonably satisfied, from all the evidence in the case, that prior to the 18th day of September, 1901, Boggan, the agent of defendant, if you are reasonably satisfied from the evidence also that he was such agent, had been sworn in as a special police officer of the city of Birmingham by the chairman of the police commission, that he was acting as such police officer on said day in September, that plaintiff on said day was engaged in the business of supplying milk to persons in the city of Birmingham from his dairy, and that he was at the time of his arrest carrying his said milk through the streets of Birmingham for delivery to his patrons in the city of Birmingham, you must find for the defendant." Charge 32 is an exact copy of charge 31, except it concludes: "You cannot find for the plaintiff for unlawful or wrongful arrest."

Charge 36: "Unless you believe from the evidence that this is the case in which damages as a punishment for defendant should be awarded, you are only authorized to award a verdict for such damages as plaintiff actually sustained; and in such case, unless you find from the evidence that he did sustain actual damages, your verdict must be for nominal damages only, and by nominal damages I mean for some nominal sum, such as one dollar or one cent."

Charge 45: "The court charges you that, if you believe all the evidence in this case, it was not within the line and scope of the authority of Boggan as agent of defendant, if you as reasonably satisfied from the evidence that he was such agent, to arrest persons for a violation of the city ordinance."

At the request of the plaintiff the court gave the following written charge:

"I charge you, gentlemen of the jury, that the plaintiff's arrest was wrongful and unlawful."

[Gambill v. Fuqua.]

There was verdict and judgment for plaintiff for $745, and, after motion for new trial had been overruled, the defendant prosecuted this appeal.

E. D. SMITH, and GEORGE HUDDLESTON, for appellant.—Plea 3 as amended presented a valid defense to the action, as all the counts are in effect counts for false imprisonment.—*Davis v. Sanders,* 133 Ala. 275. There was no proof that Boggan was Gamble's agent to support this action on the grounds of Boggan's agency.— *Birmingham Co. v. Tennessee Co.,* 127 Ala. 145; *McClung v. Spottswood,* 19 Ala. 165; *Owensboro Co. v. Bliss,* 132 Ala. 260; *Bank v. Leland,* 122 Ala. 289. If pleas of justification are necessary this court will under the condition try the case as though the full pleas were in the record.—*Bradford v. Boozer,* 139 Ala. 502; *Odom v. Rutledge,* 94 Ala. 488. The charter power to arrest without warrant is valid.—*Williams v. The State,* 44 Ala. 41; *Ex parte Thomas,* 100 Ala. 101; *Burroughes v. Eastman,* 24 L. R. A. 859; *Commonwealth v. Cheney,* 141 Mass. 102; *Jones v. Gray,* 6 Gray, 435; *B. & O. R. R. Co. v. Cain,* 28 L. R. A. 688; *Commonwealth v. O'Brien,* 12 Cushing, (Mass.) 90.

The general charge should have been given for the defendant. False arrest is a trespass.—*Rich v. McInery,* 103 Ala. 345. This being true it is necessary to show that defendant caused or ratified the same and this does not appear.—*City Delivery Co. v. Henry,* 139 Ala. 161; *B'ham Belt R. R. Co. v. Gurganus,* 37 Sou. Rep. 929; *Central of Ga. Ry. Co. v. Freeman,* 37 Sou. Rep. 387; *Sou. Ry. Co. v. Yancey,* 37 Sou. Rep. 341; *B'ham Sou. R. R. Co. v. Gunn,* 37 Sou. Rep. 329.

Counsel discuss charges refused but cite no authority.

A. O. LANE, for appellee.—If the charge is not a lawful one the arrest itself cannot be lawful.—*Duckworth v. Johnson,* 7 Ala. 578. The vice of plea 2 is apparent. —*Gamble v. Schmuck,* 131 Ala. 221. A person who procures an illegal arrest to be made is liable in trespass for false imprisonment although not present, aiding and abetting.—*Clifton v. Grayson,* 2 Stewart, 412. An officer is liable for trespasss committed by his deputy.—

[Gambill v. Fuqua.]

*Case v. Hulsbush*, 122 Ala. 212. The introduction of a part of the book was entirely competent.—*King v. Martin*, 57 Ala. 189. All that was said at the time of the arrest was admissible.—*Rich's Case*, 102 Ala. 356. Charge A, given for plaintiff, was correct.—*Gamble v. Schmuck, supra*. Charges B and C were correct.—*Lunsford v. Dietrich*, 93 Ala. 569. It was necessary for the officer to have a warrant.—*Mitchell v. Gambill*, 140 Ala. 553. Charge 19 was properly refused.—*Ewing v. Sanford*, 19 Ala. 606. The other errors assigned contravert the doctrine laid down in cases of *Case v. Hulsbush, supra; Mitchell v. Gambill, supra; Lunsford v. Deithrich, supra*. Charge 45 was properly refused.—*Birmingham Ry., L. & P. Co. v. Baird*, 130 Ala. 234.

ANDERSON, J,—The plaintiff recovered damages of the defendant for his arrest and imprisonment without a warrant, made by one Boggan, a deputy of the defendant, who was license inspector of the city of Birmingham.

Counts 2, 4, and 6 were charged out at the request of the defendant, and we need not consider any assignments of error relating to said counts, unless they relate to the questions referable to the other counts.

Pleas 3 and 4 denied the arrest under the authority of the defendant, and also sought to justify same. If intended as a denial, the defendant got the benefit of them under the general issue. If pleas of justification, then they were inconsistent and bad, in attempting to justify an act and at the same time denying the same. The demurrer to pleas 3 and 4 were properly sustained.

There is no proof that the arrest was made by the authority of the defendant, unless the authority might be inferred from the declaration of Boggan at the time of the arrest: "Gambill told me that you and two or three others were the leaders in the Milkmen's Association, and that if I could make you pay license the balance would pay." If this could be considered as a declaration that the defendant had authorized the arrest, it was not competent for that purpose. "The authority of an agent, where the question of its existence is directly involved, can only be established by tracing it to its

source in some word or act of the alleged principal. The agent certainly cannot confer authority upon himself. Evidence of his own statements or admissions, therefore, is not admissible against his principal for the purpose of establishing, enlarging, or renewing his authority; nor can his authority be established by showing that he acted as an agent or that he claimed to have the powers which he assumed to exercise."—Mechem on Agency, § 100; *Galbreath v. Cole,* 61 Ala. 140; Wharton on Evidence, § 1184; *Scarbrough v. Reynolds,* 12 Ala. 252; *Postal Co. v. Lenoir,* 107 Ala. 640, 18 South. 266; *L. & N. R. R. Co. v. Hill,* 115 Ala. 334, 22 South. 163. Any declarations of the agent as to his authority were inadmissible, unless other evidence had been shown from which authority to do the thing may be inferred. Or, if the trial court improperly admitted declarations of the agent, the error would be cured by evidence subsequently introduced from which authority might be inferred; and, in case such evidence was introduced the question of authority would become one of fact for the determination of the jury.—*Birmingham R. R. Co. v. Tenn. Co.,* 127 Ala. 137, 28 South. 679. The only evidence, aside from the declaration of Boggan, as to the agency, was that he was the defendant's deputy, and had served in that capacity for some time. It is true that if an agent, while acting within the scope of his authority, exceeds his authority, the principal would be liable; but there is nothing to indicate, from the evidence in the case at bar, that Boggan was acting within the scope of his authority in making the arrest, or that he was doing a thing which his principal had authorized him to do. No authority to make arrests without warrants could be implied from the fact that he was defendant's deputy license inspector, and there is no evidence that defendant authorized the arrest. Indeed, there is nothing in the evidence that would indicate that the defendant had authority to arrest people for violating the ordinance. An agent has no implied power to do that which the master himself, being present, would not be authorized to do.—*Mali v. Lord,* 39 N. Y. 381, 100 Am. Dec. 448; *Whitmore v. Allen,* 33 Tex. 355; 12 Am. & Eng. Ency. Law, 775.

[Gambill v. Fuqua.]

Where a principal is sued for an unlawful arrest and imprisonment made or caused by an alleged agent, and there is no evidence of prior authority or subsequent ratification, it is error to leave it to the jury to say whether or not there was such authority or ratification. —*National Bank v. Baker*, 77 Md. 463, 26 Atl. 867. But, where there is any evidence tending to show the assent of the principal to the acts of the agent, these acts and declarations of the agent, in connection with such evidence of the principal's assent thereto, should be allowed to go to the jury.—*Gimon v. Terrell*, 38 Ala. 208; *McClung's Ex'rs v. Spootwood*, 19 Ala. 165.

The acts of the defendant, the day of the trial, in asking the judge to let him send for Attorney Thach, his conference with him, and the subsequent dismissal of the prosecution, were facts to go to the jury as affording an inference, not only of a subsequent ratification, but of a precedent authorization. In the case of *Shattuck v. Bill*, 142 Mass. 61, 7 N. E. 40, it is held: "The plaintiff after his arrest, gave notice of his intention to take the oath for the relief of poor debtors; and evidence was offered of the presence and conduct of the defendant at these hearings, as tending to prove authority from him to go make the affidavit and cause the arrest on his behalf. To the admission of this evidence the defendant has no ground of exception. If the whole proceeding in relation to the arrest was without authority from defendant, it is not reasonable to suppose that he would take part in opposition to the application by the plaintiff to relieve himself therefrom; and his acts in relation thereto, although occurring after the arrest, had a tendency to show that it was initiated by his authority almost as directly as if he had thus expressly asserted it." The evidence, therefore, of the subsequent conduct of the defendant at the trial, cured any error that may have been previously committed as to the acts and statements of Boggan.

There was no error in sustaining the plaintiff's attorney's objection to the question to the plaintiff as to whom he sold milk, and whether or not Boggan knew at the time he was engaged in the milk business. They only tended to show a justification which was not spec-

ially pleaded, and which was not admissible under the general issue. It is true that there are instances when a case will be treated as having been tried on a special defense in the absence of such a plea; but the case at bar does not come within the exception.

If there was any error in sustaining the objection to the question to witness McCurdy as to the election of Boggan as a special policeman, it was cured by the witness later testifying that he, as chairman of the police board, swore Boggan in as a special policeman in the year 1901.

There was no error in permitting plaintiff to prove that Boggan was defendant's deputy collector during month of September, 1901.

In discussing the question of agency, we allude to the the fact that there was evidence from which a ratification of the arrest by the defendant could be inferred, and the general affirmative charge requested by defendant was properly refused.

Charge 15 was properly refused, and is covered by a discussion of the evidence of Boggan's statement.

Charge 24 was properly refused. It ignores any liability of the defendant upon the doctrine of ratification and was calculated to mislead the jury.

Charge 28 was properly refused. In the first place, it was abstract, as there was no evidence that plaintiff sold the milk in Boggan's presence; second, it sought to justify the arrest, and there was no plea of justifiacation. While it is true the trial court permitted the defendant to introduce an ordinance restricting the sale of milk, this was doubtless let in under the other counts before they were charged out, and the plaintiff was not bound by this fact to try his case on the issue of justification, which had been eliminated by sustaining demurrers to the pleas seeking to invoke such a defense.

Charges 31 and 32 are subject to the same criticism made to charge 28.

Charge 36, if not otherwise bad, was misleading.

Charge 45 was properly refused. Boggan may not have acted in the line and scope of his agency, yet the defendant would be liable if he ratified the act.

[Gambill v. Fuqua.]

There was no error in giving charge "a" requested by the plaintiff. In the first place there was no plea of justification; second, there was no evidence that Boggan had a warrant, or that plaintiff was violating the ordinance in his presence at the time of the arrest.

Charge 12, requested by the defendant, was properly refused. The jury could have inferred from the evidence that there was an authorization of the arrest, even if they were not satisfied that it was subsequently ratified.

The trial court properly refused charge 14 requested by the defendant. It was meaningless, as it sought to relieve the defendant for want of authority from "plaintiff" to Boggan to arrest "defendant." The defendant was never arrested, and the plaintiff is the complaining party; but the charge uses the words "plaintiff" and "defendant" in the wrong connectoin, thus rendering it unintelligible.

The judgment of the city court is affirmed.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.

ANDERSON, J. (On Rehearing.)—Counsel for appellant, in their brief on application for rehearing, contend that this court has no right to assume that certain counts of the complaint were eliminated by charges given, as those charges were not incorporated in the bill of exceptions, and cite a list of authorities to the effect that special charges will not be considered for reviewing the action of the trial court, unless set out in the bill of exceptions. We adhere to the rule that it is incumbent upon the appellant to set out in the bill of exceptions charges the giving or refusal of which is a basis of an assignment of error, and that the action of the trial court will not be reviewed in that respect, unless said charges appear in the bill of exceptions. This rule, however, does not prevent this court from looking to the entire transcript, in determining whether or not the trial court committed errors, or whether or not errors, if committed, were errors without injury. And, when the record shows that the general charge was given for the appellant as to certain counts, we will not review

the action of the trial court upon the pleading relating to said charged-out counts, though said charges do not appear in the bill of exceptions.—*Highland Ave. & Belt R. R. v. South,* 112 Ala. 642, 20 South. 1003.

Pleas 3 and 4 were subject to the criticism made in the original opinion; but counsel insist, in brief upon rehearing, that the defect to plea 4 was not sufficiently pointed out by the demurrer. We think the second ground of the demurrer to this plea was sufficient.

We do not deem it necessary to discuss at length the ruling of the trial court in permitting plaintiff to prove that Boggan was defendant's deputy. True, we hold that no authority to make arrests without a warrant can be implied because of this fact; but the fact that Boggan was his deputy was a circumstance to be considered by the jury, with the other evidence as to defendant's ratification, in ascertaining whether the act had been ratified or originally authorized.

Appellant also insist upon rehearing that assignment of error 14 was not discussed by this court in the original opinion. This assignment relates to the introduction in evidence of a portion of the docket of the police court, and was nowhere insisted on in brief of appellant's counsel. And in the brief upon rehearing, while calling attention to assignment No. 14, they argue a different question, to-wit, the previous arrest of plaintiff by Boggan.

Charge 16, refused to the defendant, was not considered or discussed in the original opinion. It was grouped with the insistence as to refused charge 15, and was only alluded to at the end of the argument, and was inadvertently overlooked. The trial court committed no reversible error in refusing charge 16. As a rule, agency or the authority of an agent cannot be established by the mere declarations of the agent (*Womack v. Bird,* 63 Ala. 500, and authorities supra); that is, agency or authority cannot be established by such declarations alone, but there are instances when it can be establshed by declarations, when taken in connection with other evidence. An agent may make an admission, and there may be evidence from which it could be inferred that the principal ratified what he said and did.

[Riddle v. Blair.]

Then the admission in connection with the proof of ratification could establish the authority. Charge 16 pretermits "mere" or "alone," and is misleading to the extent of asserting, in effect, that at no time and under no conditions can an agent's authority be established by his declarations, although there may be evidence that said declarations were adopted or ratified by the principal.

It is insisted upon rehearing that charge 45, refused to the defendant, was not subject to the vice pointed out in the opinion. If it was not ,it was properly refused. It instructs the jury, in effect, that the evidence fails to show that it was within the line or scope of Boggan's authority to arrest persons for a violation of the city ordinance. The evidence does not so fail, for there was evidence from which the jury could infer a ratification and a previous authorization. If, therefore, it could be inferred that the act had been previously authorized, the court had no right to instruct the jury that the arrest was not within the line or scope of Boggan's authority.

The application for rehearing is denied.