# Birmingham Railway, Light & Power Co. *v.* Pratt & McCurdy.

### *Failure to Furnish Gas.*

(Decided May 14, 1914. 65 South. 533.)

1. *Gas; Failure to Furnish; Complaint.*—The gas company carrying on a business affected with a public service is under the duty to furnish gas to anyone who will pay for it and comply with its reasonable regulations; hence, in a complaint in tort for damages for failure to supply plaintiff, it was necessary to allege a relation between the parties suing and the company's duty to supply gas to such party, and an allegation that defendant wrongfully cut off the gas without stating the facts and that plaintiff was ready and able to pay for the gas, was not sufficient.

2. *Same; Contracts; Validity.*—Where the gas was furnished through a prepayment meter, an agreement that the consumer should be liable for the loss or theft of the meter, or any money deposited therein, was valid.

3. *Same; Partial Illegality.*—A contract by a public service corporation to furnish gas with an agreement that the consumer should be liable for the loss or theft of the prepayment meter, or any money therein deposited, was not illegal as to that agreement, although containing other stipulations and conditions contrary to public policy, since it was severable, and the stipulation as to the loss or theft was not affected by the illegality of the other stipulations and conditions.

[Birmingham Railway, Light & Power Co. v. Pratt & McCurdy.]

CERTIORARI to Court of Appeals.

Pratt & McCurdy brought an action against the Birmingham Railway, Light & Power Company for damages for failure to furnish gas for lighting purposes. Judgment for plaintiff in the trial court, and on appeal to the Court of Appeals such judgment was reversed and remanded.

See 10 Ala. App. 273, 64 South 510. Plaintiffs bring certiorari to review the judgment and decision of the Court of Appeals. Writ denied.

ALLEN & BELL, for petitioner. The courts refuse to found any rights upon wrong doing, and contracts or promises are wholly void where any part is rendered illegal by statute or common law.—*Wadsworth v. Dunham,* 23 South. 702; 13 A. & E. Ann. cases, 209; 1 Parsons on Contracts 456. The contracts set up in the pleas were unreasonable, unilateral and oppressive, and therefore, void as against public policy.—*Folmar v. Siler,* 132 Ala. 297; *McGehee v. Lindsey,* 6 Ala. 16; *Black v. Oliver,* 1 Ala. 441; *Carrington v. Colliar,* 2 Stew. 172. Under the pleadings in the case the court's rulings on demurrers to the complaint were harmless to defendant. —*Lucas v. Ins. Co.,* 139 Ala. 489; *L. & N. v. Johnson,* 135 Ala. 232; *Lee v. DeBardelaben,* 132 Ala. 628. The action is ex delicto.—*Wes. Union v. Krichbaum,* 132 Ala. 535.

TILLMAN, BRADLEY & MORROW, for appellee. The writ should be denied on the authority of the opinion and decision of the Court of Appeals and the authorities there cited.—10 Ala. App. 273; 64 South. 510.

SAYRE, J.—After due consideration of the record in this case, the court is satisfied that the conclusions

reached by the Court of Appeals are correct and that the application for review in this court should be refused.

It may appear to be hardly necessary, but, considerering the urgency of petitioners' argument, we have thought it well to add the following on two points which are conclusive of the question of pleading raised on the record:

1. Whether the counts condemned in the opinion of the Court of Appeals be in contract, or in tort as petitioners insist, it was necessary to allege a relation between the parties that made it the duty of defendant to continue to supply gas to plaintiff, or, to state the proposition in a different form, it was necessary that facts be shown which made it a breach of duty on defendant's part to discontinue plaintiff's supply of gas. Petitioners appear to assume that the Court of Appeals must have held that notwithstanding plaintiff's effort to state a case ex delicto as for a breach of duty, the counts proceed as for a breach of contract. The Court of Appeals did not expressly so hold, nor does the result of their ruling necessarily involve a holding that the counts were in contract. Actions on the case ex delicto and ex contractu are frequently concurrent remedies.—*Myers v. Gilbert,* 18 Ala. 467. We think the wrong complained of had a remedy in tort for the reason that defendant was a public service corporation, carrying on a business monopolistic in nature, and owed the duty of furnishing gas. to every one who would pay for it and comply with its reasonable regulations. The counts were framed in tort.—*Western Union v. Kritchbaum,* 132 Ala. 535, 31 South. 607. Still, the duty was owned only to such of the public as were ready, able, and willing to pay, and these counts, as the Court of Appeals held, failed to allege a case out of which a duty arose. The aver-

ment of these counts, in the way of a conclusion unsupported by facts, that defendant "wrongfully" cut off plaintiff's gas, was insufficient according to the current of our decisions. We do not see that the fact, alleged in some of the counts, that the contract was to furnish gas through a prepay meter, makes any difference in the application of the well-settled principle. The only effect of that arrangement was to put upon plaintiff the burden of alleging either that they had prepaid, or were able, ready, and will to pay.

2. The contract provided that: "The consumer hereby agrees that in case the said meter, or the money, or any part thereof deposited therein shall be lost or stolen, or shall be removed by any person other than the agents of said company, the consumer shall pay the company on demand the amount of money so lost, stolen or removed."

The Court of Appeals held this to be a valid agreement on considerations stated in their opinion. We concur. Petitioners rely upon that line of cases—their name is legion—which hold that a public service corporation cannot contract against liability for its own negligence. We think they are without application to the circumstances of this case.

Petitioners further complain that other provisions of the contract, other stipulations upon the consideration of which defendant agreed to furnish gas, were illegal, and thereby the contract was avoided in its entirety. Upon some of them, if occasion required it, the court would perhaps ingraft exceptions of reason or necessity. We might even concede that all of them, other than the one pleaded, are void as against public policy. But it does not follow from this that the particular stipulation pleaded is affected by the bad character of its neighbors. At this point it is of practical importance to observe

[Birmingham Railway, Light & Power Co. v. Pratt & McCurdy.]

the distinction between contracts severable and insever-able, and between contracts void and illegal. Contracts are illegal because positively prohibited by law or be-cause inherently offensive to morals, order, or decency. Such contracts are, of course, against public policy. But many contracts not prohibited by positive mandate, not against morals, order, or decency, are still void as being contrary to the maxims of a sound, but more vaguely defined, policy which keeps in view the more material interests of the state. Such are contracts, for example, that operate in restraint of trade, contracts to exempt common carriers from the consequences of their own negligence, and, we may concede, some of the stipulations of the contract before us, other than the one pleaded. Such contracts are illegal in the sense on-ly that the courts decline to enforce them. But con-tracts that in part operate to the public detriment, and which are yet not positively offensive to statute or moral law, will be enforced as to their remaining provisions if the part is divisible from the remainder.—Elliott, Contrs. § 249; Page, Contrs. §§ 326, 510. It seems clear to us that the parties violated no positive law when en-tering into the contract before us, and that the other stipulations exacted by defendant as a condition upon which it would furnish gas, though conceded to be against that public policy which restains public service corporations within reasonable bounds in their exac-tions of those who have no recourse but to deal with them, are severable from the stipulation pleaded, and hence that the last-named stipulation is not affected by the bad character of its associates.—*Sims v. Alabama Brewing Co.*, 132 Ala. 311, 31 South. 35. And so the Court of Appeals in effect ruled.

Petitioners in this connection rely upon *Folmar v. Siler*, 132 Ala. 297, 31 South. 719, where the court used

[Birmingham Railway, Light & Power Company v. Reno.]

some broad language which did not take account of the distinctions to which we have adverted. Beyond doubt, the judgment in that case was correct, but that language of the opinion which petitioners quote cannot control the case at hand because here other considerations are involved.

The judgment of the Court of Appeals is approved, and the writ of certiorari will be denied.

Certiorari denied. All the Justices concur.