# Henderson *v.* Tennessee Coal, Iron & Ry. Co.

## *Death Action.*

(Decided December 17, 1914.    67 South. 414.)

1. *Mines and Minerals; Fall of Roof; Invitee; Plea.*—Where the complaint alleged that deceased was killed by a portion of the roof falling on him while an invitee in defendant's mine, and that his death was proximately caused by the negligence of defendant's servants, in causing such portion of the roof to fall, a plea setting up that the intestate knew of the defect or negligence which caused his injury and death, and failed to give information thereof to defendant, or to some person superior to intestate, engaged in defendant's service, did not aver that the intestate was charged with any duty to give such information, etc., and was therefore, demurrable.

2. *Same.*—A plea that intestate was negligent in failing to examine the working place under the part of the roof that fell on him before commencing to work thereunder, which proximately caused his hurt or injury, and that it was his duty to examine the place, should have averred further that such an examination would have disclosed the defect and danger, the allegation that intestate's failure to examine the working place was the proximate cause of his injury, being but a conclusion of the pleader.

3. *Appeal and Error; Review; Ruling on Pleading.*—Where the error complained of relates to the pleading alone, and the appeal is only on the record, and there was no nonsuit, but the trial was had on the facts and merits, there should be a bill of exceptions showing that the errors complained of as to the rulings on the pleadings were involved on the trial and were among the issues on which the case was decided.

4. *Same.*—Where the court erred in its rulings on the pleadings and there was no nonsuit, and trial was had on the merits, and

the instructions given and refused were sent up as a part of the record proper, and these indicated that the rulings were prejudicial, the judgment will be reversed, notwithstanding rule 45, Supreme Court Practice, and notwithstanding there was no bill of exceptions.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Mutual Henderson, as administratrix, against the Tennessee, Coal, Iron & Railroad Company, for the death of her intestate, Nathaniel Henderson. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The third count declared that plaintiff's intestate, while in the mine of defendant at the invitation and request of defendant, was killed by a portion of the roof of the mine falling upon him, and that his death was proximately caused by the negligence of defendant's servants or agents, while acting within the line and scope of their employment, in that they negligently caused a portion of said roof to fall upon plaintiff.

Plea 9 is as follows: Intestate knew of the defect or negligence which caused his injury and death and failed, in a reasonable time, to give information thereof to defendant, or to some person superior to said intestate engaged in the service or employment of defendant.

The forty-eighth ground of demurrer is that the plea does not aver that intestate was charged with any duty to give information to defendant or to some person superior to intestate in the service or employment of defendant as to such defect or negligence.

Plea 6 was as follows: Intestate was guilty of negligence which proximately contributed to cause his injuries in this: That plaintiff's intestate did not examine his working place under the rock that fell on him before commencing work thereunder, and proximately

caused the hurt. It was the duty of plaintiff's intestate, before commencing to work, to examine his working place, and his injury was the proximate result of his failure to perform that duty.

Plea 8 was practically the same as plea 6.

W. A. DENSON, for appellant.

PERCY, BENNERS & BURR, for appellee.

ANDERSON, C. J.—(1) It is not necessary to pass upon the sufficiency of plea 9, as an answer to a complaint by a servant under the Employers' Liability Act, as count 3 of the complaint, the only one submitted to the jury, is not by a servant, but a licensee, and the plea places no duty upon the plaintiff to inform the defendant of the defect. Said plea, as an answer to count 3, was subject to ground 48 of plaintiff's demurrer and perhaps other grounds.

(2) Plea 6 was bad and subject to the plaintiff's demurrer thereto. The averment that the failure of the plaintiff to examine the working place under the roof before commencing to work proximately caused his injury is but a conclusion of the pleader. The plea fails to aver that an examination of the roof would have disclosed the defect, as well as the danger of going to work at the place in question.—*Mascot Coal Co. v. Garrett,* 156 Ala. 297, 47 South. 149; *Southern Ry. Co. v. McGowan,* 149 Ala. 452, 43 South. 378. This second alternative averment of plea 8 possesses the same vice as is dealt with in discussing plea 6.

The appellee has suggested the application of rule 45 (175 Ala. xxi, 61 South. iv) in avoidance of a reversal of this case, upon the idea that, while the appeal is upon the record alone, there was no nonsuit;

[Henderson v. Tennessee Coal, Iron & R. R. Co.]

and it appears that the case was tried by a jury upon the merits; and, from aught that appears, the plaintiff may have failed to offer evidence in support of his count 3, or the defendant may not have offered any proof in support of the pleas in question. In other words, that the appellant has not shown probable injury resulting from the error in overruling his demurrer to the special pleas to count 3. It is no doubt true that rule 45, which is as follows: "Hereafter no judgment will be reversed or set aside, nor new trial granted by this court or by any other court in this state, in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless, in the opinion of the court to which the appeal is taken, or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial right of the parties." was intended to obviate previous rulings as to reversing cases upon the mere presumption of injury, whenever error was shown, and makes it encumbent upon an appellant to not only show error but also that he was probably injured thereby.

(3) It is also true that in cases where the error complained of relates to pleading alone, and the appeal is only upon the record, and there was no nonsuit, but a trial was had upon the facts and the merits, there should probably be a bill of exceptions showing that the errors complained of as to the ruling upon the pleading were involved upon the trial and were among the issues upon which the case was decided. For instance, error may be assigned by a defendant as to over-ruling a demurrer to a certain count of the complaint, or to a special plea to said count, when, if a bill of excep-

[Henderson v. Tennessee Coal, Iron & R. R. Co.]

tions is taken, it might appear that there was no proof offered in support of the complaint, and the general charge was given for him as to said count. It would thus be an absurdity as well as a miscarriage of justice to reverse a case which had been tried by a jury, upon points relating to a count in the complaint or a plea which was eliminated from the jury by instructions in favor of the appellant, or it would be equally as absurd to reverse the case in favor of the plaintiff appellant in overruling demurrers to special pleas when there was no proof offered in support of the counts to which they were interposed, or when the defendant offered no evidence in support of said special pleas, and they were or could have been charged out in favor of the plaintiff.

(4) As heretofore suggested, when appeals are had upon the record alone in cases where there is not a nonsuit, but a trial upon the merits, it is safer for the appellant to take a bill of exceptions, sufficient to show that the errors upon the pleading were probably prejudicial, and it will be noted that circuit court rule 32 (175 Ala. xxi), as it appears in the Code of 1907, has been amended so as to permit an appellant to set out enough in his bill of exceptions to meet the requirements of rule 45, so as to show, not only error, but probable injury. See new rules upon front pages of the 175 Ala. (61 South. vii), This court, however, will look to all of the record before it for the purpose of ascertaining whether or not the errors shown were probably prejudicial, and even in cases of this kind, where no bill of exceptions is taken, if the given and refused charges are sent up in the record proper, we will look to them for the purpose of ascertaining whether or not the errors were probably injurious. The charges in this case have been sent up as a part of the record, and we

find that the general charge requested by the defendant as to count 3 was refused, and which would indicate, in the absence of a bill of exceptions, that there was some proof in support of said count 3, else the charge would have been given. We also note the refusal of a charge requested by the plaintiff, which would prima facie indicate that there was some proof in favor of the defendant's special pleas made the basis of the errors involved. We therefore hold that the appellant has not only shown error, but an examination of the entire record as presented to us, also discloses that said errors were probably prejudicial. We do not wish to be misunderstood as departing from the old rule of considering assignments of error only when properly presented, or that we will reverse cases for giving or refusing charges not presented by a bill of exceptions, but we will in the future, as we have done in the past, look to charges, whether in the bill of exceptions or not, for the purpose of ascertaining whether or not the errors shown were prejudicial.—*Gambill v. Fuqua,* 148 Ala. 448, 42 South. 735. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, DE GRAFFENRIED, and GARDNER, JJ., concur.