# Pratt, *et al. v.* Birmingham Ry. L. & P. Co.

## *Failure to Furnish Gas.*

(Decided January 14, 1915. Rehearing denied February 4, 1915.
68 South. 151.)

1. *Pleading; Construction; Admission.*—A failure on the part of a party to deny circumstances calling for a denial, authorizes the court to assume that the circumstances are against him.

2. *Gas; Meter; Custody.*—Where the consumers of gas agreed to be liable for money placed in a prepayment meter, and afterwards sublet that portion of the premises where the meter was installed, thus depriving themselves of the custody of the meter, such subletting did not relieve them of the burden of their contract.

3. *Same.*—Where the consumer sublet that portion of the premises where the meter was installed, with the consent of the gas company, the consumer having agreed to be liable for all monies paid in a prepayment meter, the consent of the company to their subletting did not free them from liability for the monies placed in such meter.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Pratt & McCurdy against the Birmingham Railway, Light & Power Company, for damages for failure to furnish gas. Judgment for defendant, and plaintiff appeals. Affirmed.

ALLEN & BELL, for appellant.

TILLMAN, BRADLEY & MORROW, and CHARLES E. RICE, for appellee.

SAYRE, J.—This case was before this court on a former occasion. 10 Ala. App. 273, 4 South. 510. It came here then on an application for certiorari to review the opinion and ruling of the Court of Appeals.—187 Ala. 511, 65 South. 533. A statement of the general nature of the case, sufficient for our purposes at this time,

[Pratt, et al. v. Birmingham Ry. L. & P. Co.]

may be found in the reports of the former appeal, supra. On the return of the cause to the trial court the complaint was amended to meet the rulings of this court and the Court of Appeals. Pleas shown by the former record were refiled and demurrers to them overruled. Plaintiffs refiled their former replications and also additional replications, to all of which demurrers were sustained. From a verdict and judgment in favor of defendant plaintiffs have taken this appeal on the record without a bill of exceptions, assigning 112 grounds of alleged error.

On the ground that this appeal is taken upon the record alone, and we have not before us the facts or the evidence upon which the jury rendered their verdict, appellee invokes rule 45 (175 Ala. xxl, 61 South. ix), adopted by this court before the last trial of this cause, insisting that, inasmuch as this court has not been placed in possession of the evidence, it cannot know that errors in matters of pleading, if errors they were, have probably affected injuriously any substantial rights of appellants, there can be no reversals, which is to say that, to avoid a reversal on an appeal of this character, this court will assume any possible state of the evidence that would render erroneous rulings harmless. No means has been provided for getting before this court the evidence in a case where the party appealing has reserved no bill of exceptions, or for any reason elects to bring his case to this court upon the record proper of the court below. He is nevertheless entitled to his appeal on the record, without a statement of the evidence. To indulge the presumption insisted upon would be to deny his right of appeal, and this of course the court has no power to do.

Always, in dealing with questions of pleading, it is the rule of this court to consider questions of merit

[Pratt, et al. v. Birmingham Ry. L. & P. Co.]

only, questions inherently meritorious or brought into decisive importance by rules of law that we have no right to disregard. Consistently, necessarily indeed, this rule calls into service, wherever available, the doctrine of error without injury. But unless the appellant has been at fault in presenting his case, in the proper application of this doctrine we deal only with the case shown by the record before us. We cannot speculate concerning evidence of which we know nothing and of which appellant is under no duty to give us information. If, on an appeal so taken, a reversal is obtained on a point that possibly may have been shown by the proof to be of no consequence, but which does not appear in the record, the result must be attributed to the folly of appellee in insisting upon a ruling to which he was not entitled. To what I have thus far written on the subject of the practice in this court on appeals taken in this fashion the other members of the section are unwilling to commit themselves, for the reason, as I understand them to put it, that it is dictum and is in conflict with what was written in the very recent case of *Henderson v. T. C. I. & R. R. Co.*, 190 Ala. 125, 67 South. 414, in which I did not sit. I conceded that the case may be properly decided without reference to this question because no error is found. But the matter is argued in briefs, and I conceive an expression of opinion to be not at all improper in the circumstances. The statement I have made is quite as proper as most of the benevolent suggestions found in the case referred to, and in my judgment necessary, if it might prevail, to prevent the inauguration of a practice that must introduce confusion, and is indeed without the power to impose upon litigants in any event. Suppose, to illustrate one aspect of the question, the trial court erroneously sustains demurrers to perfectly good plead-

ings, and thereby parties are unable to get before the jury evidence of the meritorious issues thereby proposed. How are they to show the court on appeal that there was merit in their contentions, as the court seems to estimate merit. Perhaps it will be said that the rule essayed in *Henderson v. T. C. I. & R. R. Co., supra,* 67 South. 414, will not apply to such a case. If not, then the entire argument ad absurdum of the opinion in that case falls to the grounds, and the rule itself of that case accomplishes nothing, and, of course, the rule itself is error without injury, and I have no meritorious objection to it, except that it is a waste of time.

We are all clear to the conclusion that there is no merit in the objections taken by the demurrer to appellee's several pleas. Really, this was determined on the former appeal. The criticisms of the pleas now suggested are narrowly verbal and against the most obvious intention of these pleadings, they are refuted by the language employed in the body of the pleas or in the contract exhibited therewith, or they rest upon the gratuitous assumption of independent facts, without the basis of suggestion in the pleadings such as we have no right to indulge in order to find the pleas insufficient.

(1-3) Additional replications were added, and to them demurrers were sustained. We are unable to see that these replication avoid the defects in those replications which came under review on the former appeal. The objections then found by the Court of Appeals hold good as against the replications of later filing. It is still true that these pleadings, to use the language of the Court of Appeals, do not negative the conclusion that appellants subrented that part of their premises after the meter was installed in the space furnished by themselves for it and continued to make use of it while it was there. If appellants did sublet

that part of the premises in which the meter had been placed, and in that way deprived themselves of its control, the fact that thereafter they requested appellee to change the meter to another place cannot deprive appellee of the benefit of the contract by which appellants insured the safety of the money deposited in the meter from time to time, if appellants, as we must assume they did (because in circumstances calling for a denial it is not denied), continued to use the meter, so far as appellee knew, as upon the conditions of the contract, notwithstanding appellee's alleged failure to comply with their request. That appellants cut themselves off from the custody and control of the meter, which had been placed on their premises, and requested its removal to another place, did not, ipso facto, determine the contract, and if appellants desired and had the right to require that it should so operate, appellee was entitled to have clear notice to that effect. Instead, appellants continued to use the meter as if under the contract. Nor did the fact, averred in replications 6 and 7, that appellee agreed and consented that the meter might remain on a part of the premises where appellants could not control and protect it—a condition brought about, as we must assume, by appellants—operate to change the terms of the contract. Appellants were competent to contract for the insurance of the contents of the meter even under the new conditions, and, non constat, appellee agreed and consented to the changed surroundings upon condition that appellants' responsibility should not thereby be affected. If there was a novation of the contract pleaded by appellee in such sort as to relieve appellants of their responsibility, the new contract to that effect should have been pleaded. We have thus considered the subject-matter of all the assignments of error. It seems clear to us

that none of them is well taken. The judgment must therefore be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFEN-RIED, JJ., concur in the opinion except as therein indicated.