## Wilson *v.* Owens Horse & Mule Co.

### Assumpsit.

(Decided December 16, 1915.   70 South. 956.)

Appeal and Error; Review; Prejudice; Reversal.—Where the record contains no bill of exceptions and no charges are set out therein, the only errors assigned being those in sustaining demurrers to certain special pleas, no cause for reversal is shown, since injury is no longer presumed, and it must appear, under rule 45, Supreme Court Practice, that any error was probably injurious to appellant; the rule also being that defendant must show that he could have established his plea in order to have a reversal for error in sustaining demurrer to the plea.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by the Owens Horse & Mule Company against W. S. Wilson. Judgment for plaintiff, and defendant appeals. Affirmed.

The pleas set up: First, the general issue; second, failure of consideration; and, third, breach of warranty in the condition of the mule. Demurrers were sustained to the pleas, and after trial there was judgment for the plaintiff, and an appeal, without bill of exceptions.

B. F. REID, for appellant.   A. E. PACE, for appellee.

THOMAS, J.—The appellant was defendant below and prosecutes this appeal on the record proper—there being no bill of

exceptions and no charges set out in the record. The only errors assigned are, that the court erred in sustaining demurrers to certain special pleas. Assuming, without deciding, that the court did err in the particulars mentioned, it is not made to appear that the error was probably injurious to the defendant, which is necessary, under the new rule of our Supreme Court (rule 45 as published in 175 Ala. xxi, 61 South. ix), before we would be authorized to reverse the case. Under this rule, injury is no longer presumed, but it must affirmatively appear from the record. In order to make it appear that injury resulted from error in sustaining demurrers to special pleas, it should appear, either from charges in the record, or by bill of exceptions, or in some way, that appellant introduced, or offered to introduce, some evidence tending to support said pleas; otherwise it will be presumed on appeal that appellant could not have proved his pleas if the demurrers to them had been overruled, hence that there was no injury, if error, in the action of the lower court in sustaining the demurrers. This we judge to be the rational interpretation of the holdings of our Supreme Court in construing the rule mentioned.—Rule 45, supra; *Henderson v. Tenn. Coal & Iron Co.*, 190 Ala. 126, 67 South. 414.

It follows that the judgment appealed from must be affirmed.
Affirmed.