(77 South. 56)

WALKER, STIPP & JOHNSON v. FLETCHER et al. (8 Div. 371.)

(Court of Appeals of Alabama. Nov. 13, 1917.)

1. APPEAL AND ERROR ⬿1170(3)—RECORD—EVIDENCE.

In view of circuit court rule 32, as amended (175 Ala. xxi), in the absence of a statement showing evidence tending to support the complaint, it cannot be said that any substantial rights were affected by overruling demurrers to special pleas.

2. APPEAL AND ERROR ⬿1032(1) — ERROR — SUBSTANTIAL RIGHTS.

It is the duty of the appellant both to present a record showing error and to show that such error probably affected his substantial rights.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Action by Walker, Stipp & Johnson against Eldred Fletcher and others. Judgment for defendants, and plaintiff appeals. Affirmed.

The plaintiff in the court below, appellant here, declares on eight counts, claiming for the conversion of certain chattels, the failure of a bailee to redeliver at the termination of the bailment, and for negligent injury to property. To this complaint were interposed eleven pleas, including the general issue, nine of said pleas setting up special defenses. To these special pleas demurrers were interposed, which demurrers were overruled by the court, after which plaintiff filed two replications. Issue was joined upon the pleadings, and the cause submitted to a jury. There was verdict and judgment for the defendants. No bill of exceptions appears in the record, nor is there any statement of facts tending to show that evidence was introduced and submitted to the jury to support the complaint. The plaintiff appeals from the judgment on the record proper, assigning as error the overruling of the various demurrers to the special pleas.

E. W. Godbey, of Decatur, for appellant. Wert & Lynne, of Decatur, for appellees.

SAMFORD, J. [1] Upon the authority of Henderson v. T. C. I. & R. R. Co., 190 Ala. 126, 67 South. 414, reaffirmed in Atlantic Coast Line Ry. v. Enterprise Cotton Oil Co. (Sup.) 74 South. 232–237,[1] and the case of Wilson v. Owens Horse & Mule Co., 14 Ala. App. 467, 70 South. 956, we are of the opinion that, in the absence of a statement in the record to the effect that there was evidence submitted to the jury tending to establish the case of the plaintiff, as stated in the complaint, it cannot be said that it ap-

pears from the record that the error complained of, i. e., the overruling of the demurrers to special pleas, has probably injuriously affected the substantial rights of the appellant.

[2] For aught that appears from the record, the plaintiff may have failed to make out a case, and the verdict of the jury may have been based upon that failure. It cannot be said that this rule works a hardship, as the amendment to rule 32 (175 Ala. xxi) was doubtless designed to meet a case similar to this. We are conversant with the strong reasoning, as set forth in the opinion of Mr. Justice Sayre, in the case of Pratt et al. v. B. R., L. & P. Co., 191 Ala. 638, 68 South. 151, but it is the duty of the appellant not only to present a record which shows error on the part of the trial court, but also to make it appear that that error probably affected his substantial rights. In the absence of evidence tending to support his complaint, it does not so appear, and upon the authorities hereinabove cited the judgment of the circuit court is affirmed.

Affirmed.