140 So. 616

**FIRST NAT. LIFE INS. CO. v. BURNETT.**

7 Div. 850.

Court of Appeals of Alabama.

March 22, 1932.

Walters & Walters, of Troy, and C. A. Wolfes, of Ft. Payne, for appellant.

Scott & Dawson, of Ft. Payne, for appellee.

RICE, J.

In evidencing our decision of the questions presented on this appeal, which is by the defendant in the court below, from a judgment against it in favor of appellee, and which is submitted here on the record proper, without bill of exceptions, we will paraphrase, or metaphrase, and use as our own, the language of Judge Samford in the opinion for this court in the case of Walker, Stipp & Johnson v. Fletcher et al., 16 Ala. App. 218, 77 So. 56. We do this, for the reason that we are of the opinion that the questions here presented are fully answered by the said language referred to—with the changes necessary, to make it apply to said questions, indicated parenthetically. It follows:

"Upon the authority of Henderson v. T. C., I. & R. R. Co., 190 Ala. 126, 67 So. 414, * * * and the case of Wilson v. Owens Horse & Mule Co., 14 Ala. App. 467, 70 So. 956, we are of the opinion that, in the absence of a statement in the record to the effect that there was evidence submitted to the jury tending to establish the (pleas) of the (defendant-appellant), as stated in the (record), it cannot be said that it appears from the record that the error(s) complained of, i. e., the overruling of the demurrers to special (replications), has probably injuriously affected the substantial rights of the appellant.

"From aught that appears from the record, the (defendant-appellant) may have failed to (prove its pleas), and the verdict of the jury may have been based upon that

failure. It cannot be said that this rule works a hardship, as the amendment to rule 32 (175 Ala. xxi) was doubtless designed to meet a case similar to this. We are conversant with the strong reasoning, as set forth in the opinion of (the late lamented) Mr. Justice Sayre, in the case of Pratt et al. v. B. R., L. & P. Co., 191 Ala. 638, 68 So. 151, but it is the duty of the appellant not only to present a record which shows error on the part of the trial court, but also to make it appear that that error probably affected his substantial rights. In the absence of evidence tending to support (its pleas), it does not so appear, and upon the authorities hereinabove cited the judgment of the circuit court is affirmed."

Affirmed.